CARSON H. SULLIVAN (*admitted pro hac vice*)
carsonsullivan@paulhastings.com
MADALYN K. DOUCET (*admitted pro hac vice*)
madalyndoucet@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705

Attorneys for Defendant
Google LLC

*(Additional counsel for Defendant Google LLC on next page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| APRIL CURLEY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 4:22-CV-01735-YGR <br><br> **DEFENDANT GOOGLE'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE OR, IN THE ALTERNATIVE, DEFENDANT GOOGLE'S REQUEST TO STRIKE PLAINTIFFS' UNTIMELY RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** <br><br> Courtroom: 1, 1301 Clay Street, 4th Fl., Oakland, CA 94612 <br> Judge: Hon. Yvonne Gonzalez Rogers |

EMILY R. PIDOT (SB# 233241)
emilypidot@paulhastings.com
SARA B. TOMEZSKO (*admitted pro hac vice*)
saratomezsko@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
ANKUSH DHUPAR (SB# 307689)
ankushdhupar@paulhastings.com
LINDSEY C. JACKSON (SB# 313396)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 S. Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant
Google LLC

Plaintiffs' opposition to Defendant Google LLC's ("Google") Request for Judicial Notice ("RJN") (ECF 45) is both untimely and without merit. Plaintiffs filed their opposition two months late without explanation and without requesting any extension. As such, their opposition should be stricken as untimely and Google's RJN should be granted. However, even if Plaintiffs' opposition had been timely, which it was not, it should be denied. First and foremost, Plaintiffs do not and cannot contest that the Court may take judicial notice of charges of discrimination from administrative agencies, especially those that are referenced in Plaintiffs' own pleading. Second, Plaintiffs do not and cannot dispute any of the specific facts within the charges of discrimination that are the subject of Google's RJN. Finally, Plaintiffs misinterpret the case law upon which they rely for their position. Google respectfully requests that the Court grant the RJN.

## I.    THE COURT SHOULD STRIKE PLAINTIFFS' OPPOSITION AS UNTIMELY.

The Court should treat Google's RJN as unopposed because Plaintiffs failed to timely serve their opposition. Under Local Rule 7-3(a), "[any] opposition must be filed and served not more than 14 days after the motion was filed." Google filed and served the RJN on October 14, 2022, (ECF 44), and Plaintiffs' opposition was therefore due on October 28, 2022. Plaintiffs did not file the opposition until January 11, 2023. (*See* ECF 54.)

On October 25, 2022, the parties filed a joint stipulation "to extend the time for Plaintiffs to file their response in Opposition to Defendant's Motion to Dismiss and Strike from October 28, 2022 to December 7, 2022." (ECF 47 at 2:18-19.) The joint stipulation did not request a continuance for Plaintiffs to file a response to Google's RJN, despite acknowledging that "on October 14, 2022, Defendant filed a Motion to Dismiss and Strike *and Request for Judicial Notice*." (*Id.* at 2:9-10) (emphasis added). Then, on November 30, 2022, Plaintiffs once again sought only to "extend [their] deadline to file their Response in Opposition to Defendant's Motion to Dismiss and Strike from December 7, 2022 to January 6, 2023." (ECF 49 at 2:3-4.) On January 4, 2023, Plaintiffs once again sought to "extend [their] deadline to file their Response in Opposition to Defendant's Motion to Dismiss and Strike from January 6, 2023 to January 11, 2023." (ECF 51 at 2:3-4.)

Plaintiffs had three opportunities to extend their deadline to file a response to Google's RJN, but they never did so. Plaintiffs have offered no justification for this delay. *See Woodfin Suite*

- 1 -

DEFENDANT'S REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
4:22-CV-01735-YGR

*Hotels, LLC v. City of Emeryville*, Nos. C 07-1719, C 06-1254, 2007 WL 1655792, at *4 (N.D. Cal. June 7, 2007) (granting motion to strike opposition to motion to dismiss filed six days late where the opposing party "did not request or receive an extension of time to file its opposition"); *Ng v. U.S. Bank, NA*, No. 15-cv-04998, 2017 WL 951000, at *2 (N.D. Cal. Mar. 10, 2017) (granting motion as unopposed where plaintiff filed opposition ten days after deadline). Thus, the Court should strike Plaintiffs' opposition to Google's RJN as untimely.

## II. THE COURT SHOULD GRANT GOOGLE'S RJN OF ADMINISTRATIVE AGENCY RECORDS AND OF THE UNDISPUTED FACTS THEREIN.

### A. Administrative Charges Are Matters of Public Record.

Plaintiffs do not contest that Exhibits A-D (the "Exhibits") to the RJN constitute "matters of public record." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). Nor can they. These documents are records of the California Civil Rights Department and the Equal Employment Opportunity Commission, both administrative bodies. *See Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904 n.3 (N.D. Cal. 2013) ("[T]he Court [may] take judicial notice of the EEOC charge . . . [as the] record . . . of an administrative body.") (citation and quotation omitted); *see also Wallace v. DeJoy*, No. CV 21-08885-RSWL-SKX, 2022 WL 14746303, at *3 (C.D. Cal. Oct. 24, 2022) (taking notice of proffered documents "because they constitute EEOC records, reports, and documentation and therefore are judicially noticeable matters of public record," and collecting cases). The specific facts within these documents as to which Google seeks judicial notice are undisputed because they either are "generally known" or could be "accurately and readily determined." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1000 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)(1)-(2)) (holding court may take judicial notice of matters of public record, but cannot take judicial notice of *disputed* facts contained therein).

### B. Google Does Not Rely on Statements in the Charges to Dispute Allegations in the SAC.

As set forth in Google's moving papers, the Court may judicially notice the specific facts at issue because they are not reasonably subject to dispute. Indeed, they are Plaintiffs' own representations to administrative agencies—under penalty of perjury—and, notably, Plaintiffs do

not dispute their authenticity. *See Kennard v. Lamb Weston Holdings, Inc.*, No. 18-cv-04665-YGR, 2019 U.S. Dist. LEXIS 63637, at *2 n.2 (N.D. Cal. Apr. 12, 2019) (Rogers, J.) (granting request for judicial notice because the judicially noticed product labels were "central to plaintiff's claim, and plaintiff [did] not challenge the authenticity of the images provided by defendant").

The only fact in Plaintiff Lewis' EEOC Charge of Discrimination referenced in Google's motion to dismiss is the charge's date: July 1, 2022. Plaintiffs cannot dispute that the date of an administrative charge is a proper subject of judicial notice. *See, e.g.*, *Khoja*, 899 F.3d at 1001 (taking judicial notice of date of international patent application because it "can be accurately and readily determined from the WIPO application, which was published by a foreign government agency") (citation and quotation marks omitted); *D.R. v. Contra Costa Cnty.*, No. 19-cv-07152, 2020 U.S. Dist. LEXIS 168898, at *7 n.7 (N.D. Cal. Sep. 15, 2020) (taking judicial notice of the date and content of claim forms); *Local Ventures & Invs., LLC v. Open Found.*, No. 18-cv-05581, 2019 U.S. Dist. LEXIS 226873, at *18 n.1 (N.D. Cal. Feb. 26, 2019) (taking judicial notice of the date and contents of a blog post).

In Plaintiff Mayon's EEOC Charge of Discrimination, she identifies two of the individuals who, in the Second Amended Complaint ("SAC") (ECF 43), she accuses of racially harassing and discriminatory conduct. (*See* SAC ¶¶ 56, 64; RJN Exh. B at pp. 1, 3.) Her Charge of Discrimination states that the individuals she accused of said conduct are both Black employees. (*See* RJN Exh. B at pp. 1, 3.) Taking judicial notice of these individuals' ethnicity or race is not improper because, unlike the defendant in *Carroll v. Myriad Genetics, Inc.*, No. 4:22-CV-00739, 2022 U.S. Dist. LEXIS 207129, at *4 (N.D. Cal. Nov. 9, 2022) (Rogers, J.) (a case cited by Plaintiffs), Google is not referencing this information to dispute facts Plaintiffs alleged. Instead, it is citing to allegations in the Charge of Discrimination that Plaintiffs repeat nearly verbatim in the SAC.

In Plaintiff Aweh's EEOC Charge of Discrimination, she states that she is a resident of the state of Georgia. (*See* RJN Exh. C.) Her assertion that she resides in Georgia is not a fact that is reasonably subject to dispute, nor does she dispute it.

Finally, the only fact subject to judicial notice in Plaintiff Curley's administrative charge is the time frame she alleges she was subjected to sex and sexual orientation-based discrimination and

harassment under the New York State and City Human Rights Laws. Google does not offer the administrative charge to dispute anything in the SAC; it offers the document as a factual challenge to the Court's subject matter jurisdiction over these claims. Ninth Circuit precedent "holds that [a] … noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a well-pled fact in a complaint." *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019, 2020 U.S. Dist. LEXIS 74651, at *24 (N.D. Cal. Apr. 28, 2020) (citing *Khoja*, 899 F.3d at 1014-15). But *Khoja*, a case on which Plaintiffs rely, "does not prevent a defendant from using the doctrine[] of judicial notice … to create factual disputes with a plaintiff's **conclusory** allegations." *Id.* (emphasis in original).

While courts may not take judicial notice of **disputed** facts, Plaintiffs' opposition wholly ignores this distinction and improperly asserts that "a judicially notice [*sic*] document may **only** be used for the limited purpose of 'taking notice of its existence,'" relying on a misinterpretation of *Ali v. Paypal, Inc.*, No. 19-cv-00093, 2019 U.S. Dist. LEXIS 236637, at *6 (N.D. Cal. Mar. 26, 2019). (Pls.' Opp. at 1:4-5 (emphasis added) (citation omitted).) However, in *Ali*, the court denied the defendant's request for judicial notice where the defendant sought to rely upon disputed facts in complaints plaintiff filed in another litigation. *See* 2019 U.S. Dist. LEXIS 236637, at *7. Plaintiffs' reliance upon *Phornphan Chubchai v. Abbvie, Inc.*, No. 4:21-cv-4099, 2022 U.S. Dist. LEXIS 78635, at *8 n.4 (N.D. Cal. Apr. 21, 2022) (Rogers, J.) is similarly misplaced. Plaintiffs argue that *Chubchai* stands for the proposition that the contents of a document are not a proper subject of judicial notice; however, in *Chubchai*, the Court in fact cited to *Lee*, 250 F.3d at 688-89, to note that courts may take judicial notice of "documents whose 'authenticity … is not contested' and upon which a plaintiff's complaint relies."[1] *Id.*

Plaintiffs also cite to *Streets v. Space Sys./Loral, LLC*, 2021 U.S. Dist. LEXIS 173535 (N.D. Cal. Sep. 13, 2021). *Streets* dealt with incorporation by reference, not judicial notice, and, in any

---

[1] Plaintiffs also cite to the Court's ruling in *Hajro v. E. Bay Mun. Util. Dist.*, No. 19-cv-03406, 2022 U.S. Dist. LEXIS 29889, at *2 n.2 (N.D. Cal. Jan. 13, 2022) (Rogers, J.), but in *Hajro* the Court noted that it "does not **necessarily** accept as true all factual assertions contained within those documents," not that doing so would be improper. *Id.* (emphasis added).  Furthermore, there is no discussion in *Hajro* as to whether any of the facts in the judicially noticed documents were disputed. Similarly, there is no discussion in *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052 (N.D. Cal. 2010), another case Plaintiffs cite, of whether the facts at issue were disputed.

event, held that documents referenced in the complaint "presumably to allege timely exhaustion of administrative remedies" *can* be judicially noticed under the incorporation by reference doctrine because the plaintiff "implicitly relie[d] on these documents." *Id.* at *8 n.3. (*See, e.g.*, SAC ¶¶ 123, 128, 147.)

### C. A Court May Look to Judicially Noticed Documents on a Motion to Dismiss.

When determining whether a plaintiff's allegations are sufficient to withstand a motion to dismiss, courts "must consider" not only "the complaint in its entirety," but also "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, … matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). The Court may "consider[] documents to the extent they bear on the jurisdictional inquiry" in the motion to dismiss. *See Chubchai*, 2022 U.S. Dist. LEXIS 78635, at *13 n.7; *see also Nation v. Trump*, 395 F. Supp. 3d 1271, 1274 (N.D. Cal. 2019), *aff'd* 818 F. App'x 678 (9th Cir. 2020) (a factual challenge to jurisdiction permits the court to look beyond the complaint to extrinsic evidence).

Plaintiffs argue in their Opposition to Defendant's Partial Motion to Dismiss and Motion to Strike that "[i]n evaluating a motion to strike under 12(f), the Court limits its review to the four corners of the pleadings." (*See* Pls.' Opp. (ECF 55) at 12.) They are wrong, and none of Plaintiffs' cited authorities actually support that proposition. *See Slovin v. Sunrun, Inc.*, No. 15-CV-05340-YGR, 2016 WL 5930631, at *2 n. 2 (N.D. Cal. Oct. 12, 2016) (Rogers, J.) (refusing to consider materials ***not*** subject to judicial notice on a motion to strike) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("the grounds for a motion to strike must be readily apparent from the face of the pleadings ***or from materials that may be judicially noticed***.") (emphasis supplied)); *Simpson v. Vantage Hosp. Grp., Inc.*, No. 12-CV-04814-YGR, 2012 WL 6025772, at *4 n.5 (N.D. Cal. Dec. 4, 2012) (Rogers, J.) (considering materials subject to judicial notice on a motion to dismiss).

*Lee v. City of Los Angeles* is easily distinguishable. There, the court abused its discretion when it accepted as true statements in an extrinsic document purportedly made by an individual who the amended complaint alleged lacked the mental capacity to make those statements in the

first place. 250 F.3d at 689. There are so such allegations here, and nothing in the SAC itself suggests that any of the Plaintiffs were incapable of making truthful representations to the various administrative agencies with whom they filed charges of alleged discrimination.

Google's proposed use of the Exhibits and the specific facts therein are entirely consistent with these principles. Google is not using the Exhibits to dispute the facts in the SAC. Rather, Google is asking the Court to take judicial notice of the Exhibits for an entirely proper purpose: to determine the sufficiency of Plaintiffs' class and Plaintiff Aweh's FEHA allegations, and challenge subject matter jurisdiction of Plaintiff Curley's New York State and New York City Human Rights claims.

### III.  CONCLUSION

For these reasons, as well as those in Google's RJN, this Court should take judicial notice of the Exhibits, and the specific facts contained therein.

DATED:  January 27, 2023

PAUL HASTINGS LLP

By:  */s/ Carson H. Sullivan*
      CARSON H. SULLIVAN

Attorneys for Defendant
Google LLC