UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CURLEY, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No.  22-cv-01735-AMO<br><br><br>**ORDER GRANTING MOTION TO SEAL, DENYING MOTION TO STRIKE, AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 44, 46 |

Before the Court is Defendant Google, LLC's ("Google") motion to dismiss and motion to strike, as well as Google's unopposed administrative motion to seal.  The matters are fully briefed and suitable for decision without oral argument.  Accordingly, the hearing was **VACATED**.  *See* Civil L.R. 7-6.  This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to seal, **DENIES** the motion to strike class allegations as premature, and **GRANTS** the motion to dismiss, for the reasons that follow.

Google moves to seal exhibits attached to its request for judicial notice, strike class allegations as overbroad, and dismiss Plaintiffs April Curley and Anim Aweh's individual claims. The Court addresses each motion in turn.

**1. Motion to Seal**.  Google filed an unopposed motion to seal, moving to redact the names of non-party Google employees contained within two of the named Plaintiffs' administrative

United States District Court
Northern District of California

1   charges.  ECF 46.[1]  The Court grants this narrowly tailored request because redacting the names of

2   these individual non-parties will protect their privacy, which the Court finds compelling.  *Ctr. for*

3   *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016); *see* Civil Local Rule

4   79-5; *see, e.g.*, *Music Grp. Macao Com. Offshore Ltd. V. Foote*, No. 14-CV-03078-JSC, 2015 WL

5   3993147, at *2 (N.D. Cal. June 30, 2015) (finding that disclosing the identities of plaintiff's

6   former employees would "infringe the privacy rights of those . . . individuals, which constitutes a

7   compelling reason for sealing").

8         **2. Motion to Strike Class Allegations**.  Google moves to strike the proposed employee

9   and hiring classes as overly broad, lacking a common basis, having class conflicts, and requiring

10  individualized assessments.  ECF 44 ("Motion") at 18-26.  At this stage, the parties have not yet

11  engaged in discovery, and Plaintiffs have not moved for class certification.  *See* ECF 70 ("Case

12  Management Statement") at 3.  Defendants essentially seek to prematurely litigate Rule 23 class

13  certification, which is disfavored at this stage.  *See Sulzberg v. Happiest Minds Techs. Pvt. Ltd.*,

14  No. 19-CV-05618-SVK, 2019 WL 6493984, at *2 (N.D. Cal. Dec. 3, 2019) ("Courts in this

15  District have held that Rule 12(b)(6) is not a proper vehicle for dismissing class claims . . .

16  Defendant's attacks on Plaintiff's class allegations are better made in the context of a Rule 23

17  motion for class certification, after appropriate development of the record."); *Slovin v. Sunrun,*

18  *Inc.*, No. 15-CV-05340 YGR, 2016 WL 5930631, at *2 (N.D. Cal. Oct. 12, 2016) ("While

19  defendants' arguments may eventually prove to be convincing, defendants' motion to strike is

20  premature given that discovery is still ongoing and no motion for class certification has been

21  filed"); *see also Azad v. Tokio Marine HCC-Med. Ins. Servs. LLC*, No. 17-CV-00618-PJH, 2017

22  WL 3007040, at *8-9 (N.D. Cal. July 14, 2017) (denying the motion to strike class allegations

23  despite the court having "doubts as to whether this case can be maintained as a class action, [as]

24  the propriety of the class allegations are better addressed at the class certification stage").  There

25  may be merit to some of Defendant's arguments about the overbreadth of the classes as presently

26  pled.  *See, e.g.*, Motion at 31-32 (citing ECF 43 (Second Amended Complaint) ("SAC") ¶ 104)

27

28  ───────────────

[1] The administrative charges are attached as Exhibits A and B to the request for judicial notice.  *Id.*

1    (arguing that the scope of the hiring and state employee classes is overbroad as Plaintiffs fail to

2    include any temporal limitation and "necessarily include individuals with time-barred claims").

3    However, the better time to assess that is when Plaintiffs move for class certification.

4    Accordingly, the Court denies Google's motion to strike.

5         **3. Motion to Dismiss**.  Google moves to dismiss Curley's claims brought under New York

6    law, as well as Aweh's claims under New York and California law.[2]  As it must, the Court accepts

7    Plaintiffs' allegations in the complaint as true and construes the pleadings in the light most

8    favorable to the nonmoving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

9    1031 (9th Cir. 2008) (citation omitted).  The Court addresses Google's arguments regarding each

10   Plaintiff's claims in turn.

11        **a. Plaintiff Curley's New York Claims** (Counts 10, 11, 13, 14).  Google argues that the

12   Court lacks subject matter jurisdiction over Curley's individual New York claims for race

13   discrimination and harassment and sex and sexual orientation discrimination.

14        For a court to have subject matter jurisdiction over a NYCHRL or NYSHRL claim, a

15   plaintiff must allege that discriminatory conduct had an impact in the City or State of New York.

16   *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 292 (2010); *see Wolf v. Imus*, 170 A.D.3d 563,

17   564 (N.Y. App. Ct. 2019) (citation omitted) ("Whether New York courts have subject matter

18   jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her [or his]

19   physical location at the time of the alleged discriminatory acts"); *see, e.g.*, *Vangas v. Montefiore*

20   *Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016) (affirming dismissal of NYCRL claim for lack of

21   subject matter jurisdiction where plaintiff did not show that she felt the impact of the employment

22   action in New York City).

23        Google argues that the Court lacks subject matter jurisdiction over Curley's sex and sexual

24   orientation discrimination claims because Curley does not allege that any discriminatory,

25   harassing, or retaliatory conduct occurred while she worked in the New York office or that she felt

26

27   _____

     [2] Google did not challenge Plaintiffs Mayon's, Lewis's, and Reid's claims (Counts 1-9).
28   Accordingly, those claims remain in the case.

1    the impact of the challenged conduct in New York.  Motion at 27-28; *see Hoffman*, 15 N.Y.3d at

2    290-91 (the trial court "properly dismissed [NYSHRL and NYCHRL] claims for want of subject

3    matter jurisdiction" where plaintiff "was neither a resident of, nor employed in, the City or State of

4    New York . . . [and failed to] state a claim that the alleged discriminatory conduct had any impact

5    in either of those locations").  The Second Amended Complaint fails to allege any dates related to

6    the Curley's sex and sexual orientation claims,[3] much less any discriminatory conduct that

7    occurred while she worked in New York.  In her administrative complaint, Curley alleges that the

8    discriminatory conduct occurred from February 2019 to September 2020, after Curley left New

9    York in 2018.  ECF 46-2 (Ex. A) at 4.[4]  Because the sex and sexual orientation claims lack an

10   allegation that the conduct had any impact in New York, the Court lacks subject matter

11   jurisdiction over them and must dismiss the claims.[5]

12         Google also challenges the Court's subject matter jurisdiction over the race discrimination

13   and harassment claims because Curley has failed to plead that any conduct had an impact in New

14   York, i.e., occurred prior to 2018.  Curley alleges that she was underpaid starting in 2014, when

15   she worked in New York.  SAC ¶ 3.  Accordingly, there is sufficient nexus to New York for this

16   Court to have subject matter jurisdiction over Curley's pay discrimination claim.  *See Chin v.*

17   *CH2M Hill Companies, Ltd.*, No. 12 CIV. 4010 HB, 2012 WL 4473293, at *4 (S.D.N.Y. Sept. 28,

18   2012) ("Plaintiff worked and the impact of Defendants alleged conduct may have been felt in New

19   York.  That is enough.").  By contrast, Curley fails to allege that any instances of harassment

20   occurred while she worked in New York and thus had any impact in New York, *see* SAC ¶¶ 42-

21   49, and the Court lacks subject matter jurisdiction over Curley's harassment claims.  *See Hoffman*,

---

[3] The general timing of when the discrimination occurred is relevant because Curley transferred to the Washington, D.C. office in 2018.  SAC ¶ 38.

[4] The Court takes judicial notice of Plaintiff Curley's DFEH charge of discrimination.  ECF 46-2 (Ex. A).

[5] Defendant's pleadings are unclear as to whether it seeks to dismiss Curley's retaliation claims (Counts 12 and 15).  Because Defendant bears the burden, the Court does not dismiss the retaliation claims but notes that those claims may suffer from some of the same flaws or infirmities as the sex and sexual orientation claims.

United States District Court
Northern District of California

15 N.Y.3d at 290-91 (concluding court lacked subject matter jurisdiction where non-resident failed to allege that he worked in New York or that discriminatory conduct had any impact in New York).

Google also challenges Curley's race discrimination claims as time-barred, arguing that Curley's allegations that the harm "could have occurred within the [statute of] limitations period" are insufficient. Motion at 27. There is a three-year statute of limitations to assert NYSHRL and NYCHRL race discrimination and harassment claims. N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8–502(d). The parties agree that if tolling applies to Curley's New York claims, she may assert claims back to October of 2017. Motion at 27; ECF 55 ("Response") at 29. Curley alleges that Google "under-leveled" her upon hiring in 2014, discriminated against her "throughout her tenure," and unlawfully terminated her in 2020. SAC ¶¶ 37-39.

Because this is an affirmative defense, Curley's claim may only be dismissed if Google can show an "obvious bar to securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). As it is plausible that the race discrimination occurred within the statute of limitations, the Court does not dismiss Curley's claim on this basis.

The parties also dispute whether Curley's initial "under-leveling" in 2014 is time-barred. Under the Ledbetter Fair Pay Act, the continuing violation doctrine allows Curley to seek relief for continued pay discrimination. *See* 42 U.S.C. § 2000e-5; 123 Stat. 5 (2009). Accordingly, the claims are not time-barred.

Google additionally challenges Curley's race discrimination claims as insufficiently pled, specifically for failing to allege that others earned more for similar work. *See* SAC ¶¶ 39-46. While Curley need not identify a comparator at this stage, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) (the *McDonnell Douglas* framework for a prima facie case of discrimination "is an evidentiary standard, not a pleading requirement"), Curley fails to provide non-conclusory allegations supporting her assertion that her race was the basis of the alleged pay discrimination. *See* SAC ¶¶ 39-46. The only factual allegation she includes with respect to the pay discrimination claim is that a white manager who admitted to finding Curley "intimidating" and "unwelcoming"

1    blocked a pay and level increase. SAC ¶ 46. The remaining allegations, including allegations

2    about the initial under-leveling and lower pay, are conclusory. *See, e.g.*, *id.* ¶ 25 ("Google places

3    Black hires and employees into lower-levels than their experience and responsibilities warrant and

4    than similarly situated non-Black hires."); *id.* ¶ 27 ("Black professionals otherwise are paid lower

5    salaries and bonuses and receive less equity than comparable non-Black employees"). Absent

6    "sufficient, nonconclusory allegations plausibly linking the [adverse] action to discrimination,"

7    her pay discrimination claim fails. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir.

8    2019) (affirming dismissal of Title IX claims absent "nonconclusory allegations that the male

9    students were treated any differently than similarly situated female students based on sex").

10         Accordingly, the sex and sexual orientation discrimination claims, and the racial

11    harassment claims are dismissed for lack of subject matter jurisdiction with leave to amend to

12    provide allegations that Curley felt the impact of the discriminatory conduct in New York. To the

13    extent the discrimination claims are based on pay discrimination, the motion to dismiss is granted

14    with leave to amend to provide non-conclusory allegations.

15         **b. Plaintiff Aweh's Individual Claims** (Counts 6, 10, 13).

16         Plaintiff Aweh alleges that Google rejected her from a mental health job in Georgia for

17    which she was qualified. Though Google told her it was because she "did not have enough

18    experience," she avers that was "plainly false and a pretext for discrimination" based on race.

19    SAC ¶¶ 91-94. Aweh also applied for ten other mental health positions in California and New

20    York and asserts that she was rejected "not based on her qualifications but on her race." *Id.* ¶ 94.

21    Aweh provides no additional factual basis for her allegations. Aweh's claims are not saved by

22    general allegations about Google's hiring policies and practices *see, e.g.*, SAC ¶ 21, as they fail to

23    offer more than legal conclusions. *See, e.g.*, *Ali v. Intel Corp.*, No. 18-CV-03981-LHK, 2019 WL

24    1369926, at *4 (N.D. Cal. Mar. 26, 2019), *aff'd*, 797 F. App'x 325 (9th Cir. 2020) (dismissing

25    racial discrimination claims as conclusory where plaintiff alleged that defendant "discriminated

26    against Plaintiff based on Plaintiff's race," and that "[t]he Plaintiff is Pakistan [sic] and was not

27    hired because of his ethic [sic] race"). This is the epitome of conclusory pleading and fails to

28    provide factual allegations that satisfy Rule 8, *see Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th

Cir. 2014), and the Court dismisses these claims with leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to seal, **DENIES** Defendant's motion to strike, and **GRANTS** Defendant's motion to dismiss, with leave to amend, for Plaintiff Curley's New York race discrimination and sex and sexual orientation claims, and Plaintiff Aweh's individual claims.  Plaintiffs may amend their complaint by no later than **January 29, 2024**.


**IT IS SO ORDERED.**

Dated: December 28, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**