BETH GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
3555 Casitas Avenue
Los Angeles, CA 90039
Telephone:    818.900.0695
Facsimile:    818.900.0723

JENNIFER KRAMER, CA Bar No. 203385
jennifer@employmentattorneyla.com
HENNIG KRAMER LLP
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Telephone:    213.310.8301

Attorneys for Party in Pending Other Action
ANA CANTU, on behalf of herself, all others
similarly situated, the State of California, and
aggrieved employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CURLEY, DESIREE MAYON, RONIKA LEWIS, RAYNA REID, ANIM AWEH, and EBONY THOMAS, individually and behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>GOOGLE, LLC,<br><br>          Defendant. | Case No. 3:22-cv-01735-AMO<br><br>CLASS ACTION<br><br>**LOCAL RULE 3-13 NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS** |

I. **INTRODUCTION**

Pursuant to Local Rule 3-13 of the United States District Court for the Northern District of California, Ana Cantu ("Cantu"), party in a case pending in the California Superior Court, County of Santa Clara, hereby submits this Notice of Pendency of Other Actions or Proceedings ("Notice"). The purpose of this Notice is to notify the Court that a currently pending action in the California Superior Court previously filed against Google, LLC ("Google"), the defendant in this action, already seeks class-wide and representative relief for a new claim added as Count XVI in Plaintiff's Third Amended Complaint, filed on July 26, 2024 (Dkt # 93), for violating California Labor Code ("Labor Code") section 1197.5.

II. **RELEVANT FACTS**

A. **Relevant Background Regarding Cantu's Pending State Court Action**

1. On February 15, 2022, through the filing of a First Amended Complaint ("FAC") Ana Cantu filed a Private Attorneys General Act ("PAGA") action in the California Superior Court, County of Santa Clara, which had been assigned Case No. 21CV392049. Cantu's PAGA claim, set forth as her Eleventh Cause of Action, asserted a representative claim for violation of Labor Code section 1197.5, violation of California's Equal Pay Act. The FAC alleged that "GOOGLE and DOES have violated *Labor Code* § 1197.5(b) by failing to pay their non-White employees at a rate equal to their White employees for performing substantially similar work with respect to their skill, effort, and responsibility and under similar working conditions."

2. Google, the same defendant in Cantu's case as in this action, demurred to the FAC. On September 20, 2022, following the Court's sustaining of Google's demurrer with leave to amend on August 22, 2022, Cantu filed a Second Amended Complaint ("SAC") with additional allegations in support of her PAGA claim. Google filed another demurrer, which was overruled on February 21, 2023. In approximately September 2023, Cantu learned of support to pursue a class-wide claim for relief for violations of Labor Code section 1197.5. Google refused to stipulate to allow Cantu to file a Third Amended Complaint, requiring motion practice that ultimately resulted in the filing of a Third Amended Complaint ("TAC") on January 22, 2024, attached as **Exhibit A** (the operative complaint in the *Cantu* action).

3.      As set forth in the allegations in Cantu's TAC, Cantu is pursuing class claims on behalf of non-White California employees at Google, including employees of Black/African-American descent, for violations of Labor Code § 1197.5. *See* Exhibit B, TAC, at ¶¶ 14-23, 42-66, 135-141. Cantu is also pursuing representative PAGA claims for violation of Labor Code § 1197.5 on behalf of the same group of aggrieved employees.

**B.      The Overlapping Nature of the Pending State Court Action with the Instant Action.**

4.      The class claim only recently added in the Third Amended Complaint filed by the Plaintiffs in the instant case as Count XVI for violation of Labor Code § 1197.5, which seeks to represent a class of "All Black and/or African American Google employees who work or worked for Defendant in or based out of California as a Level 2 through Level 8 employee" completely overlaps with the already pending Labor Code § 1197.5 claim in Cantu's action in the California Superior Court. They are both representative actions against the same defendant, the definition of covered individuals overlap and the newly-added Count XVI overlaps with Cantu's previously-filed Labor Code § 1197.5 class claim in her TAC.

5.      As detailed in the Joint Status Report (Dkt #91), the Parties in the instant action filed the Third Amended Complaint (Dkt. # 93) containing Count XVI for violation of Labor Code § 1197.5 only after attending a mediation with Google. In this case, the counsel listed as counsel of record for Google is the same counsel representing Google in Cantu's lawsuit, Felicia Anne Davis at Paul Hastings LLP.

6.      Review of the Court's docket indicates that Google has not filed a Notice of Pendency of other action/s or proceeding/s to alert this Court or Plaintiffs to the existence of Cantu's case to comply with Northern District of California Local Rule 3-13(a) (Notice of Pendency of Other Action or Proceeding), which requires the filing and service of notice of other actions pending in federal or state court. Rule 3-13(a) specifically requires: "If two representative (e.g., class, collective, PAGA, etc.) actions involve overlapping claims (i.e., the definitions of covered individuals overlap and the claims asserted overlap), they fall within the coverage of this rule." This is a direct violation of Rule 3-13(a), which states:

Whenever a party knows or learns that an action filed or removed to this district

LOCAL RULE 3-13 NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

> involves a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action of Proceeding.

L.R. 3-13(a).  Cantu filed this Notice promptly upon learning of the existence of Plaintiff's newly-added Count XVI for violation of Labor Code § 1197.5, which was submitted to this Court on July 26, 2024. Google's attorneys did not file a notice of related cases in the *Cantu* action as required by California Rule of Court, Rule 3.300, or in any manner inform Cantu's counsel that it had stipulated on June 28, 2024 to allow Plaintiffs to file a Third Amended Complaint adding the Labor Code § 1197.5 claim, or that the proposed order with the stipulation had been entered on June 12, 2024. *See* Dkt # 91; Dkt # 92.

**C.    The Previously-Filed Cantu Case is Already Litigating Plaintiffs' Newly-Added Count XVI for Violation of Labor Code § 1197.5.**

As illustrated by the information provided above, the *Cantu* action was filed earlier than the instant action (including the earlier filing of the Labor Code § 1197.5 class claim), involves the same alleged violation of Labor Code § 1197.5, pursued on behalf of the same group of covered employees, for the entirety of the time period at issue in the instant action, against the same defendant. As a result, this action "involves … a material part of the same subject matter and … all of the same parties" as the *Cantu* action.  L.R. 3-13(a). Plaintiffs' other class-wide claims for race discrimination, harassment, and retaliation based on federal, state and local statutes, which appear to be the crux of Plaintiffs' complaint, deal with subject matter that is not at issue in the *Cantu* action, including the predominant claims based on failure to promote.

Cantu and her attorneys have engaged in extensive discovery motion practice and have obtained class-wide data and other information related to the Labor Code § 1197.5 claim, including extensive expert data analysis in preparation for mediation of these claims. The Third Amended Complaint filed by Plaintiffs here contains scant allegations in support of the Labor Code § 1197.5 claim, far fewer allegations than those that Google demurred to in the *Cantu* action. *See* Plaintiff's Third Amended Complaint (Dkt # 92), ¶¶ 27, 33(f), 81, 205-210 (the only allegations identified as related to the Labor Code § 1197.5 claim). Combined with the timing of the Third Amended

Complaint after the parties' mediation, while settlement negotiations continue (*see* Dkt # 91), it appears that this claim was newly-added as a means of competing with the class claims asserted in the *Cantu* action.

## III.    THE COURT SHOULD COORDINATE THE ABOVE-LISTED CASES WITH THIS ACTION.

Local Rule 3-13 states that a Notice of Pendency of Other Action or Proceeding must contain a brief statement addressing "If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action." L.R. 3-13(b)(3)(D).  Cantu proposes that the Court here coordinate this case with the *Cantu* action, at least insofar as the Labor Code § 1197.5 class claim is concerned. Cantu's attorneys are California employment class action attorneys with substantive knowledge of the Labor Code § 1197.5 claim, with extensive information regarding the value of the claim, who have been litigating it for years. Allowing the claim to be added to Plaintiff's case at this juncture does nothing but create conflicts, waste resources, and render the pursuit of the Labor Code § 1197.5 claim in both venues as extremely inefficient – the exact opposite of the goal of class action practice. It also would create circumstances that are ripe for Google to seek a reverse auction by settling this case with the lowest bidder, an outcome that is disfavored and undesirable. Other judicial resources are likely to be inefficiently squandered on motion practice related to this issue, including potential motion practice related to intervention as well as potential motion practice challenging a potential settlement of the Labor Code § 1197.5 claim.

DATED:  July 31, 2024

GUNN COBLE LLP
HENNIG KRAMER LLP

By: /s/ Beth Gunn
      Beth Gunn
      Catherine J. Coble

Attorneys for Plaintiff
ANA CANTU
on behalf of herself, all others similarly situated,
the State of California, and aggrieved employees

**EXHIBIT A**

BETH GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
3555 Casitas Ave.
Los Angeles, CA 90039
Telephone:    818.900.0695
Facsimile:    818.900.0723

JENNIFER KRAMER, CA Bar No. 203385
jennifer@employmentattorneyla.com
SEREENA SINGH, CA Bar No. 276781
sereena@employmentattorneyla.com
HENNIG KRAMER RUIZ & SINGH LLP
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Telephone: (213) 310-8301

Attorneys for Plaintiff ANA CANTU, individually and on behalf of
the State of California and aggrieved employees and the proposed
Class

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/22/2024 3:19 PM
Reviewed By: R. Walker
Case #21CV392049
Envelope: 14179803**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ANA CANTU, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, LISA NICOLE CHEN, AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants | Case No. 21CV392049<br><br>**CLASS ACTION**<br>**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **DISCRIMINATION ON THE BASIS OF RACE/NATIONAL ORIGIN/ANCESTRY IN VIOLATION OF THE FEHA**<br>2. **HARASSMENT ON THE BASIS OF RACE/NATIONAL ORIGIN/ANCESTRY IN VIOLATION OF THE FEHA**<br>3. **RETALIATION FOR OPPOSING PRACTICES FORBIDDEN BY THE FEHA;**<br>4. **FAILURE TO PREVENT, INVESTIGATE, AND REMEDY DISCRIMINATION, HARASSMENT OR RETALIATION IN VIOLATION OF THE FEHA.** |

1

5. **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;**

6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

7. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**

8. **VIOLATION OF CALIFORNIA EQUAL PAY ACT, LABOR CODE § 1197.5;**

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

10. **UNFAIR AND UNLAWFUL BUSINESS PRACTICES;**

11. **PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT, AS REPRESENTATIVE ACTION;**

12. **FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES (LABOR CODE §§ 201-203, 1194.5);**

13. **DECLARATORY JUDGMENT (C.C.P. § 1060 *et seq.*)**

**DEMAND FOR JURY TRIAL**

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ANA CANTU (hereinafter "PLAINTIFF") brings this action against GOOGLE INC. ("GOOGLE"), LISA NICOLE CHEN ("CHEN") and Does 1 through 25 ("DOES"), inclusive, (GOOGLE, CHEN and DOES are hereinafter collectively referred to as "DEFENDANTS") on behalf of herself, and all aggrieved employees as described herein, and all CLASS and FORMER EMPLOYEE SUBCLASS  members as described herein.  PLAINTIFF complains and alleges as follows based on personal knowledge and/or information and belief.

**JURISDICTION AND VENUE**

1.      The Superior Court of the State of California has jurisdiction over this action pursuant to California Constitution Article VI, section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

2.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California.  Moreover, upon information and belief, at least one Defendant is a citizen of California, the alleged discriminatory acts and wrongful termination occurred in California, significant relief is being sought against DEFENDANTS whose violations of California employment laws form a significant basis for PLAINTIFF's claims.  Further, no federal question is at issue because the claims are based solely on California law and at least one Defendant is a resident of, and/or regularly conducts business in the State of California, as well as its principal place of business is located within California.

3.      Venue is proper in this judicial district and the County of Santa Clara, California because PLAINTIFF performed work for DEFENDANTS in the County of Santa Clara, DEFENDANTS maintain offices and facilities and transact business in the County of Santa Clara, and DEFENDANTS' illegal acts, which are the subject of this action, occurred in the County of Santa Clara.  Thus, the County of Santa Clara is the county where the unlawful employment practices are alleged to have been committed pursuant to California Gov't Code section 12965(b) and where a substantial portion of the transactions and occurrences related to this action occurred pursuant to California Code of Civil Procedure section 395.

4.      Prior to filing this action, PLAINTIFF timely exhausted her administrative remedies,

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

by timely filing an administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right to sue letter on December 8, 2021.

5.      Pursuant to California Labor Code section 2699.3, PLAINTIFF gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and GOOGLE of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  PLAINTIFF's notice to the LWDA is attached as Exhibit A.  Within sixty-five (65) calendar days of the postmark date of PLAINTIFF's notice letter, the LWDA did not provide notice to PLAINTIFF that it intends to investigate the alleged violations.

## PARTIES

6.      PLAINTIFF is an individual who is a resident of San Jose, California and at all times herein mentioned was a resident of Santa Clara County, California.

7.      GOOGLE is, and at all times mentioned in this Complaint was, a technology company that specializes in internet-related services and products authorized to conduct and conducting business in Santa Clara County, California.  GOOGLE's place of business, where the following causes of action took place, was in the County of Santa Clara, at 1600 Amphitheatre Parkway, Mountain View, California 94043 and at its Sunnyvale, California location.

8.      CHEN is, and at all times mentioned in this Complaint was, a resident of California employed by GOOGLE as Head of Internal Communications for GOOGLE and based at its 1600 Amphitheatre Parkway, Mountain View, California 94043.   CHEN was PLAINTIFF's supervisor and exercised control over the terms and conditions of PLAINTIFF's employment as set forth in this Complaint.

9.      At all times relevant herein, PLAINTIFF was employed by DEFENDANTS within the meaning of the California Fair Employment and Housing Act ("FEHA"), California Government Code section 12900, *et seq*.  *See* Cal. Gov't Code § 12962(d).  Accordingly, this lawsuit is properly venued in the Santa Clara County Superior Court pursuant to California Government Code section 12965(b) and California Code of Civil Procedure section 395.

10.     The true names and capacities of DOES are unknown to PLAINTIFF at this time, and PLAINTIFF, therefore, sues such DOE Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF's injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE Defendants when ascertained.

11.     PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12.     PLAINTIFF is informed and believes, and based thereon alleges, that each DEFENDANT acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

13.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF has suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

<u>CLASS ACTION ALLEGATIONS</u>

14.     **Class and Subclass Definitions:** The named PLAINTIFF brings this action on behalf of herself and the class pursuant to California Code of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1)-(3).

a.  The "CLASS" is defined as: "All current and former Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees who worked for GOOGLE in California within the last four years up to the date of trial in this

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Action."

      b. The "SUBCLASS" is defined as: "All former Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees who worked for GOOGLE in California within the last four years up to the date of trial in this Action."

15. **Numerosity:** The members of the class and subclass are so numerous that joinder of all members would be impracticable, if not impossible.  The identity of the members of the class is readily ascertainable by review of GOOGLE's business records. Plaintiff is informed and believes, and thereon alleges that: class members were subject to discriminatory pay policies and practices by GOOGLE, such that the class members were compensated less than White (non-Hispanic) employees in the comparable job positions and for performing substantially similar work.

16. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the class, as defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the class, as defined above, and the individually named Plaintiff, and have successfully litigated other cases involving similar issues, including class actions.

17. **Common Questions of Law and Fact:** There are predominant common questions of law and fact, and a community of interest, amongst Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees concerning:

      a. Whether GOOGLE enforced a systemic policy and/or engaged in a practice of paying Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees at lower compensation rates than White (non-Hispanic) employees who performed substantially the same or similar work under similar circumstances;

      b. Whether GOOGLE's systemic policy described in (a) was willful;

c.   Whether GOOGLE enforced a policy and/or engaged in a practice of systematically withholding promotions, pay increase, and upward mobility in the company from Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees, while providing the same to White (non-Hispanic) employees who performed substantially the same or similar work under similar circumstances with the same quantity and quality of work product;

d.   Whether GOOGLE systemically hired Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees and placed them in lower job roles than white employees who had comparable educational background, work histories, and relevant expertise;

e.   Whether GOOGLE's systemic policies and practices as described in (a)-(d) violate the California Equal Pay Act, Labor Code section 1197.5; and

f.   Whether GOOGLE's failure to pay equal wages to employees performing substantially similar work resulted in waiting time penalties pursuant to Labor Code section 203.

18.   **Typicality:** Plaintiff's claims are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the alleged violations of the California Equal Pay Act, Labor Code section 1197.5, as described herein. Defendants uniformly administered company policies, practices, and/or customs regarding compensation (including the assignment of initial wages, pay increases, equity opportunities, and bonuses), promotions and opportunities of upward mobility in the company.

19.   **Superiority of Class Mechanism:** The California Labor Code, upon which Plaintiff bases her claims, is broadly remedial in nature. It serves an important public interest in prohibiting wage discrimination and differential treatment in employment (including compensation and in the terms, conditions, and/or privileges of employment) on the basis of race and/or ethnicity.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20.     The nature of this action, and the format of laws available to Plaintiff and the members of the class identified herein, makes the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual aggrieved individual with their vastly superior financial resources and exceptionally wider access to legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers in subsequent employment relationships.

21.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to individual class members against GOOGLE that would establish potentially incompatible standards of conduct for GOOGLE, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

22.     Proof of a common business practice or factual pattern, of which the named Plaintiff experienced, are representative and will establish the right of each of the members of the class to recovery on the causes of action alleged herein.

23.     The class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by GOOGLE. The class is commonly entitled to restitution of those funds being improperly withheld by GOOGLE. This action is brought for the benefit of the entire class and will result in the creation of a common fund for the class.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FACTS COMMON TO PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

### *Overview of Plaintiff's Employment:*

24.     GOOGLE, a subsidiary of Alphabet Inc., is an American multinational technology company that specializes in internet-related services and products.

25.     PLAINTIFF was hired by GOOGLE on or about October 2014.  At all times relevant herein, PLAINTIFF performed exemplary work for GOOGLE, receiving consistently positive performance reviews and accolades for her work.  However, due to GOOGLE's discriminatory, harassing and retaliatory work environment, including that which was perpetuated by CHEN, PLAINTIFF did not receive promotions commensurate with her excellent work and which GOOGLE awarded to her similarly situated White (non-Hispanic) peers.

### *Plaintiff's Protected Status and Activity:*

26.     PLAINTIFF identifies as ethnically Mexican and racially Indigenous.  PLAINTIFF therefore was a member of a protected class and entitled to the FEHA's guarantees of full and equal access to employment.  Cal. Gov't Code §§ 12940, 12926.

27.     During the course of her employment, PLAINTIFF engaged in protected activity when she opposed discrimination, harassment, and retaliation against her, as well as other unlawful activity by DEFENDANTS involving others.  Thus, PLAINTIFF is also a protected employee under the California Labor Code ("Labor Code").  *See* Cal. Lab. Code § 1102.5.

### *DEFENDANTS' Adverse Employment Actions and Behavior:*

28.     PLAINTIFF began working for GOOGLE on or about September 2014.  Initially, PLAINTIFF believed she had a positive trajectory for advancement at GOOGLE, but it became clear that despite her objectively significant contributions and positive performance evaluations, she was being denied meaningful raises and promotions, while her White (non-Hispanic) colleagues received promotions and raises.

29.     PLAINTIFF's department at GOOGLE was made up of almost all White (non-Hispanic) employees.  PLAINTIFF continually asked what she needed to do to be promoted and/or receive a raise like her White (non-Hispanic) colleagues, but no one at GOOGLE could articulate

1    what she needed to do or improve on to be promoted or receive a raise.

2        30.    Rather, CHEN intentionally deviated from GOOGLE protocol by withholding

3    PLAINTIFF's contributions and awards in her performance evaluations, preferring to take credit

4    for PLAINTIFF's work as a means of advancing her own self-interest.  CHEN admitted to

5    PLAINTIFF that had PLAINTIFF's awards and contributions been considered, PLAINTIFF would

6    in fact have received higher ratings.

7        31.    GOOGLE assigned employee job levels ranging from "L1" to "L11" based on the job

8    position. Due to the discrimination, harassment and retaliation by CHEN and others, which was

9    ratified by GOOGLE, PLAINTIFF languished at the job level of L5, while her White (non-Hispanic)

10   peers were promoted to job levels L6 and L7, receiving significant additional compensation,

11   including bonus and stock option compensation awarded to job level L6 and L7 employees.

12   PLAINTIFF was denied similar compensation.

13       32.    As a result of DEFENDANTS' illegal actions, PLAINTIFF has suffered significant

14   emotional distress and damages.

15       ***PLAINTIFF Complained to Human Resources Regarding Race/National***

16   ***Origin/Ethnicity Harassment and Bias, but GOOGLE Failed to Take Any Action to Investigate.***

17       33.    PLAINTIFF complained to GOOGLE about her failure to be promoted and receive

18   meaningful raises despite her excellent performance evaluations.

19       34.    PLAINTIFF specifically complained to GOOGLE that the discriminatory bias and

20   retaliation of CHEN and others prevented her from being promoted and paid equitably compared to

21   her similarly situated, and in some cases, less qualified, White (non-Hispanic) peers.

22       35.    PLAINTIFF also complained to GOOGLE about marginalization and discrimination

23   by CHEN in regard to material terms and conditions of her employment, including CHEN'S

24   refusal to hold one-on-one meetings with PLAINTIFF, while she regularly conducted one-on-one

25   meetings with all of PLAINTIFF's White (non-Hispanic) peers.

26

27

28

---

10

36.     PLAINTIFF also complained about the toxic hostile work environment at GOOGLE, telling a Human Resources manager that she cried on the GOOGLE bus each day during the trip to work.

37.     CHEN used racist terms including "pow wow" in front of PLAINTIFF and other witnesses, and continued to use such terms even after PLAINTIFF asked CHEN to stop, informing her that the terms were offensive to her as an Indigenous woman.

38.     Due to this hostile work environment, PLAINTIFF sought an emergency transfer away from CHEN's supervision.  However, GOOGLE failed to protect PLAINTIFF.   Rather, GOOGLE allowed CHEN to continue her discriminatory and retaliatory conduct to prevent PLAINTIFF from being promoted or paid equitably, as corroborated by PLAINTIFF's skip level supervisor Jen Tanabe.  While PLAINTIFF had been red flagged internally by GOOGLE for "calibration issues" because she "has been performing above her level" for years, PLAINTIFF did not undergo the usual calibration process for promotion.  Instead, CHEN continued to sabotage PLAINTIFF by blocking her from being promoted, citing vague and unsubstantiated "performance gaps" and regularly insulting PLAINTIFF's ability to complete basic work tasks.  CHEN was assisted in this process by CHEN's supervisor Jane Hynes, GOOGLE's Vice President, Global Communications for Google Cloud, who continued to rely on CHEN's evaluation of PLAINTIFF's "performance gaps" even after PLAINTIFF complained about CHEN and stopped reporting directly to CHEN.  Hynes refused to consider PLAINTIFF's subsequent supervisors' positive assessment of PLAINTIFF's performance in favor of CHEN's discriminatory, harassing, and retaliatory assessment.

39.     GOOGLE did nothing to address PLAINTIFF's multiple complaints, allowing them to fester while giving lip service to diversity, equity and inclusion for Native American+ and Latinx+ Googlers.  GOOGLE Human Resources eventually conceded that it did nothing to investigate PLAINTIFF's complaints, admitting to PLAINTIFF that her complaints went into a "Black Hole."

40.     PLAINTIFF struggled with GOOGLE's failure to take her complaints seriously, as well as its decision to allow her harassers to continue to harass and retaliate against her.

PLAINTIFF was so distressed that she could no longer do her job as usual, which necessitated a leave of absence.  PLAINTIFF returned to work and continued to be demoralized by the ongoing discrimination, harassment and retaliation.  By September 2021, PLAINTIFF could no longer tolerate DEFENDANTS' discriminatory, harassing, and retaliatory practices, the ongoing failure to promote her fairly for the work she was doing, and the adverse treatment she experienced from CHEN and others on account of their anti-Mexican and anti-Indigenous biases.  Accordingly, PLAINTIFF resigned and her last day of work was September 10, 2021.

41.     As a consequence of DEFENDANTS' conduct, PLAINTIFF has had to employ attorneys to prosecute this action, and has therefore incurred costs and attorneys' fees necessary to pursue this action.

## FACTS REGARDING PLAINTIFF'S CLASS AND REPRESENTATIVE CAUSES OF ACTION

### GOOGLE's Equal Pay Act Violations
### Systematically Affect Non-White Aggrieved and Putative CLASS Employees

#### *GOOGLE's Hiring and Compensation Policies and Practices:*

42.     At all relevant times, GOOGLE's operational structure has included administrative officers based in its headquarters that maintain centralized control over employees' terms and conditions of employment, including recruiting, hiring, job and location assignment, career progression, promotion, and compensation policies, practices and procedures. Employees working in this capacity are responsible for recruiting and hiring employees, setting wages, and assigning work locations for all of GOOGLE's California employees. GOOGLE's compensation, assignment and promotion policies and practices are centrally determined and uniformly applied throughout all of GOOGLE's operations.

43.     At all relevant times, GOOGLE has maintained a centrally determined and uniform set of policies and/or practices for determining employees' compensation throughout California, including centralized policies and/or practices for setting employees' initial pay and centralized policies and/or practices for giving employees pay raises, bonuses, and company equity.

44.     GOOGLE's offices throughout California use a common organizational structure, organizing employees by job levels and ladders. GOOGLE's centralized pay structure establishes corporate-imposed compensation ranges based on employees' job ladder and level. GOOGLE's People Operations function and hiring teams set these compensation ranges based on employees' job ladder and level.  These compensation ranges, commonly called "job levels" or "job ladders," apply across all of California's offices.

45.     GOOGLE assigns all jobs to a "job family." A job family is a professional category of jobs at GOOGLE, and all employees within the same job family perform similar job duties and responsibilities. All jobs at GOOGLE are also assigned to a job level corresponding to salary grade. According to this structure, all employees in the same job level and job position are performing a like level of duties and responsibilities. GOOGLE requires jobs in different job families to have standardized transferable skills so that an employee in one job level can transfer to a different job family with known standard skills required for the job level.

46.     Several job levels contain overlapping job duties and responsibilities, creating a subjective element that enables decision-makers to place employees with the same job duties and responsibilities into one of multiple job levels. GOOGLE uses a centralized team of recruiters who assign job levels to job candidates.

47.     GOOGLE also sets a base compensation for each job position. When PLAINTIFF was hired, it was GOOGLE's standard practice to request each job candidate's salary history from their prior three jobs as part of its employment application form. During the hiring process, GOOGLE considered each potential new hire's prior compensation in determining the new employee's compensation and in what job level the new hire would be placed. Upon information and belief, GOOGLE continued this practice during the relevant time period at issue for PLAINTIFF's individual, class, and representative claims.

48.     GOOGLE calculates annual merit raises as a percentage of an employee's current compensation, with the specific percentage raise based in part on each employee's performance ratings. Thus, the original job level and compensation set affect the amounts employees may earn on

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

a continuing basis. As a result, any initial pay disparities arising from the hiring process are compounded with an employee's continued tenure unless the pay disparity is corrected.

49.     GOOGLE employees generally receive raises when promoted. Typically, an employee's new salary is limited to a percentage of their prior salary. In addition, GOOGLE pays higher percentages of salary increases and bonuses to employees working in higher job levels and more equity compensation is available to employees working in higher job levels.

50.     As a result of these pay practices, employees were placed in initial job levels not based on skill, effort, or responsibility, but based on their prior salaries at other jobs. The original decisions about how to "level" these employees followed them. These compensation practices do not reflect a seniority system, a merit system, a system based on quantity or quality of production, or any other bona fide factor other than race or ethnicity, such as education, training, or experience.

51.     In fact, GOOGLE employees' compensation was inextricably linked to their prior salaries and therefore were derived from pre-existing race- and/or ethnicity-based differentials in compensation, as racially and ethnically diverse employees like GOOGLE's non-White employees. Those who identify as the same racial/ethnic identity as PLAINTIFF, as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, and/or Alaska Native, have been historically and systematically paid disproportionately low salaries.

### GOOGLE Employs Non-White Employees Who Were Aggrieved by GOOGLE's Compensation Practices:

52.     GOOGLE requests and strongly encourages its employees to "self-report" their racial and ethnic status for its recordkeeping purposes, including to help demonstrate purported compliance with Office of Federal Contract Compliance Program ("OFCCP") requirements. GOOGLE's diversity and inclusion reports characterize employees as "Black+," "Latinx+," "Asian+" and "Native American+."[1] Employees who self-report as falling into one or more of these categories are referred to herein as "non-White." The categories correspond to employees' self-reported race and

---

[1] The "Native American+" label includes Native Americans, Alaska Natives, Native Hawaiians, and other Pacific Islanders.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

ethnicity, with the "+" signifying that the category contains intersectionally diverse racial and ethnic categories.

53.     In addition, GOOGLE is obligated to collect and report demographic workforce data, including hours worked and pay data by race/ethnicity, sex and job categories, to the United States Equal Employment Opportunity Commission, through mandatory EEO-1 reports. The EEO-1 reports reflect several racial and ethnic demographics of employees, including employees who are "Hispanic or Latino," and "Black or African American," "Native Hawaiian or Pacific Islander," "Asian," "Native American or Alaska Native." These categories similarly encompass employees who are "non-White."

54.     Throughout the time period at issue for PLAINTIFF's class and PAGA claims, GOOGLE has paid and continues to pay its non-White employees, including those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native, systematically lower total compensation (including salary, stock and bonuses) than GOOGLE has paid and continues to pay White (non-Hispanic) employees performing substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

55.     By relying on prior compensation to set starting salaries, and by failing to correct historical discrepancies arising from inappropriately low prior compensation, GOOGLE has perpetuated pay disparities between non-White, including those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native, and White (non-Hispanic) employees.  Specifically, GOOGLE has continued to pay non-White employees lower starting salaries and to increase pay using percentages of the employees' starting salaries, resulting in lower merit increases while employees work in the same position and lower compensation when employees are promoted. Further, pay disparities widen when employees who start in lower positions take longer to reach the higher job levels where higher percentages of salary increases and higher bonus equity compensation are available.

15

56.     As a result, GOOGLE has paid and continues to pay non-White employees, including those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, and/or Alaska Native, less than White (non-Hispanic) employees in the same job position and job level, even though GOOGLE acknowledges that employees in the same job position and level perform substantially similar work. PLAINTIFF, as well as other non-White employees experienced this violation of the California Equal Pay Act, Labor Code section 1197.5.

57.     Further, non-White employees, including those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees, are placed in lower job levels than White (non-Hispanic) employees based on prior compensation, since GOOGLE "levels up" new employees into the job level that is commensurate with the salary range of a new hire's starting salary.

58.     GOOGLE has also paid and continues to pay non-White employees, including those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees, less than White (non-Hispanic) employees in the same job position but different job levels because GOOGLE has placed and continues to place White (non-Hispanic) employees in higher job levels than non-White employees, even though non-White and White (non-Hispanic) employees in the same job title but different job levels perform substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

59.     Additionally, GOOGLE systemically denied promotions to higher job levels to those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees, while allowing White employees, with comparable skill, effort, responsibility, quality and quantity of output, and performance, to rise through the professional ranks and achieve higher levels of compensation.

60.     PLAINTIFF, as well as other non-White employees, including those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Hawaiian, Pacific Islander, and/or Alaska Native employees, experienced this violation of the California Equal Pay Act, Labor Code section 1197.5.

### GOOGLE's Continued Violation of the California Equal Pay Act Was Willful:

61.     At all relevant times, through its own internal processes and data, including its calibration/pay equalization processes and reporting data, GOOGLE has known or should have known of the pay disparities between its non-White employees, and White (non-Hispanic) employees performing substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, yet GOOGLE has taken no action to equalize its non-White and White (non-Hispanic) employees' pay for substantially similar work. As a result, the ongoing disparity in pay between non-White, and White (non-Hispanic) employees' compensation is willful and has been ratified by GOOGLE. Those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees were a portion of the non-White employees affected by GOOGLE's pay disparities.

62.     PLAINTIFF complained to GOOGLE about ongoing pay disparity between her and White (non-Hispanic) employees, putting decisionmakers at GOOGLE on notice of the obligation to examine the issue and take steps to correct it.

63.     PLAINTIFF is also aware of an internal study performed by a non-White affinity group at GOOGLE evidencing pay disparity on the basis of race/ethnicity. PLAINTIFF attended an internal GOOGLE conference at which the study was presented and explained. Based on information provided to her during that conference, PLAINTIFF understands that a GOOGLE employee who was a member of the affinity group, utilizing GOOGLE's internal data with GOOGLE's oversight and knowledge, analyzed the compensation and job levels assigned to certain non-White employees as compared to White (non-Hispanic) employees performing substantially similar work. The results of the analysis were that non-White employees were systematically paid less than White (non-Hispanic) employees and were systematically denied promotion to higher job levels at a higher rate than White (non-Hispanic) employees were, which exacerbated pay disparities for employees

performing substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.  GOOGLE had knowledge of this study and its results, yet GOOGLE has taken no action to equalize its non-White and White (non-Hispanic) employees' pay for substantially similar work. GOOGLE knew that those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees were a portion of the non-White employees affected by GOOGLE's pay practices.

64.    PLAINTIFF is also aware of an internal GOOGLE spreadsheet available to all GOOGLE employees where GOOGLE employees voluntarily report their job level, ladder, salary, bonus, additional compensation as well as demographic information, including race and ethnicity. PLAINTIFF accessed this spreadsheet while she was employed by GOOGLE and saw that she made less than the salary, bonus and additional compensation reported by similarly situated White (non-Hispanic) GOOGLE employees. By reviewing the GOOGLE employee internal pay data spreadsheet, PLAINTIFF observed that those employees who identified as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native consistently reported salary, bonus and additional compensation that was less than that reported by similarly situated White (non-Hispanic) GOOGLE employees.

65.    PLAINTIFF is also aware of recent media reports regarding the leaked 2022 GOOGLE employee internal pay spreadsheet, including the September 7, 2023 Business Insider article "Leaked Google pay data shows how much employees across different levels, races, and genders report making,"[2] which indicate that GOOGLE employees who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native continue to report median base salaries, equity and bonuses which are significantly  less than those of White (non-Hispanic) GOOGLE employees performing substantially similar work under similar working conditions.

---

[2] *See https://www.businessinsider.com/google-salaries-levels-locations-races-gender-leaked-data-2023-9*, September 7, 2023.

66.     In addition to its mandatory EEO-1 reporting, GOOGLE also is required by law to collect and report pay and hours-worked data by establishment, job category, sex, race, and ethnicity to the California Department of Fair Employment and Housing on an annual basis pursuant to California Government Code section 12999. This data is believed to reflect pay disparities between non-White, employees, and White (non-Hispanic) employees who perform substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, providing GOOGLE with sufficient information to understand that an ongoing pay disparity exists which it has not corrected.  GOOGLE knew that those who identify as Hispanic, Latinx, Black/African descent, Indigenous, Native American, American Indian, Native Hawaiian, Pacific Islander, and/or Alaska Native employees were a portion of the non-White employees whose data reflected pay disparities.

***PLAINTIFF Exhausted PAGA's Pre-Filing Notice Requirements:***

67.     PLAINTIFF provided pre-filing notice to the California Labor and Workforce Development Agency through a letter written to the agency, attached hereto as **Exhibit A**. As explained in that letter, PLAINTIFF seeks to pursue PAGA claims for GOOGLE's failure to comply with California Labor Code section 1197.5 based on the following facts:

a.     The "aggrieved employees" are all current and former non-White employees of GOOGLE in the State of California: (1) who were paid less than their White (non-Hispanic) counterparts who performed substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, and/or (2) who did not receive promotions and meaningful raises during their employment with GOOGLE despite performing substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions as their White (non-Hispanic) counterparts who routinely received promotions and meaningful raises that created unequal compensation, and/or (3) whose job performance warranted additional compensation that GOOGLE failed to equalize to that of their White (non-Hispanic) counterparts who performed substantially similar work when viewed as a

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

composite of skill, effort, and responsibility, and performed under similar working conditions, and/or (4) who were retaliated against for registering complaints of pay disparities between non-White and White (non-Hispanic) employees who performed substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

b.     PLAINTIFF is an aggrieved employee because, among other things, she was a non-White employee who was compensated less than her White (non-Hispanic) counterparts who performed substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions throughout her employment with GOOGLE.

c.     GOOGLE failed to meaningfully increase PLAINTIFF's salary throughout her employment despite her successful performance of her job duties. While PLAINTIFF failed to receive promotions and meaningful raises during her employment with GOOGLE, her White (non-Hispanic) counterparts performing substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, routinely received significant raises and lucrative promotions.

d.     Despite her complaints and subsequent job performance warranting additional compensation, GOOGLE failed to equalize PLAINTIFF's compensation to that of her White (non-Hispanic) counterparts who performed substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, forcing her to resign on September 10, 2021.

e.     GOOGLE was aware, through its own internal processes and data, that non-White employees were being compensated less than White (non-Hispanic) employees performing substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

f.     Throughout PLAINTIFF's employment at GOOGLE, she has been compensated less than her White (non-Hispanic) counterparts who performed substantially

20

similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions. When PLAINTIFF complained of this disparate treatment, GOOGLE's management either ignored the complaints or justified the disparity based upon racial and ethnic bias. GOOGLE has neither timely nor fully equalized PLAINTIFF's and similarly situated other aggrieved employees' compensation with that of their White (non-Hispanic) counterparts.

g.      GOOGLE has not provided PLAINTIFF and other similarly situated aggrieved employees with restitution for the years of discriminatory pay practices despite GOOGLE's full knowledge of their unlawful practices.

h.      GOOGLE retaliated against PLAINTIFF and routinely retaliated against other similarly situated aggrieved employees who registered complaints of pay disparities. This retaliation has manifested in the form of adverse employment actions towards minority employees including, but not limited to, public attacks and belittling, demotions, denials of promotions and raises, the issuance of substandard raises, elimination of job duties, and terminations.

68.      PLAINTIFF is informed and believes that, like herself, other non-White GOOGLE employees who complained about pay disparities between them and White (non-Hispanic) employees were retaliated against and were not given raises or promotions consistent with their skills, effort and responsibilities and were otherwise adversely affected in the terms and conditions of their employment.

69.      PLAINTIFF has an understanding and belief of the above facts from her own personal experiences, her communications with colleagues, and publicly-available information regarding other non-White employees who have alleged discrimination and race- and ethnicity- based pay inequality against GOOGLE.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

**Discrimination Based on Race/National Origin/Ancestry**

**(Violation of FEHA, Cal. Gov't Code Section 12940(a))**

**(Against GOOGLE and DOES on behalf of PLAINTIFF )**

70.     PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

71.     Under the California Government Code, "it is unlawful employment practice…[f]or an employer, because of …race … national origin, ancestry, to discriminate against [any] person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

72.     The FEHA provides that "the opportunity to seek, obtain, and hold employment without discrimination because of … race…national origin, ancestry . . . is hereby recognized as and declared to be a civil right." Cal. Gov't Code § 12921(a).

73.     The purpose of the FEHA is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on the account of, *inter alia*, race, national origin and ancestry. The FEHA recognizes that the practice of denying employment opportunities and discriminating in terms of employment substantially and adversely affects the interest of employees, employers, and the public in general. Cal. Gov't Code § 12920.

74.     At all relevant times herein, PLAINTIFF was an "employee" covered by California Government Code section 12926(a), which, *inter alia*, prohibits an employer from terminating the employment of an employee and assigning compensation on the basis of an employee's race, ethnicity, national origin, and/or ancestry. The FEHA makes it an unlawful employment practice for an employer to discriminate against an employee "in terms, conditions, or privileges of employment" on the basis of the employee's race, national origin or ancestry, which "includes a perception that the person has any of those characteristics." Cal. Gov't Code § 12926(o).

75.     DEFENDANTS knew that PLAINTIFF identifies as ethnically Mexican and racially Indigenous and therefore is a member of protected classes within the meaning of the FEHA and is entitled to the FEHA's guarantees of full and equal access to employment. Cal. Gov't Code § 12940.

76.     As alleged herein, PLAINTIFF's race, national origin, ancestry and/or other characteristic(s) protected by the FEHA were motivating factors in DEFENDANTS' decisions not to promote PLAINTIFF or give PLAINTIFF a raise commensurate with the work she performed, and/or to take other adverse job actions against PLAINTIFF.

77.     At all relevant times herein, GOOGLE, by and through its agents, knowingly discriminated against PLAINTIFF on the basis of PLAINTIFF's race, national origin, and/or ancestry  by favoring White (non-Hispanic) employees in the terms and conditions of their employment, including by promoting White (non-Hispanic) employees, compensating White (non-Hispanic) employees with higher salaries than PLAINTIFF, and by establishing different working conditions for PLAINTIFF than her White (non-Hispanic) colleagues, as alleged herein and above.

78.     GOOGLE's conduct, as alleged herein, violated the FEHA, and GOOGLE committed unlawful employment practices, including, without limitation, by materially affecting the terms and conditions of PLAINTIFF's employment, culminating in the constructive termination of her employment, in whole or in part on the basis of PLAINTIFF's race, national origin, and/or ancestry, and/or other protected characteristic(s) in violation of California Government Code section 12940(a).

79.     The doctrines of equitable tolling and continuing violations apply to PLAINTIFF's claims of discrimination.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001) (an employee is not required to file a lawsuit the moment conditions become intolerable for the employee); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

80.     As a proximate result of GOOGLE's willful, knowing, and intentional discrimination against PLAINTIFF, PLAINTIFF has sustained and continue to sustain substantial losses of earnings or earning capacity and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

81.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

82.     GOOGLE committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF , from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.  PLAINTIFF is thus entitled to punitive damages from GOOGLE in an amount according to proof.

**SECOND CAUSE OF ACTION**

**Harassment Based on Race/National Origin/Ancestry**

**(Violation of FEHA, Cal. Gov't Code Section 12940(j))**

**(Against DEFENDANTS on behalf of PLAINTIFF)**

83.     PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

84.     The FEHA provides that it shall be unlawful for an employer or for any person to harass an employee because of a person's race, national origin and/or ancestry. Cal. Gov't Code § 12940(j)(1).

85.     As the California legislature has clarified, the purpose of the anti-harassment provisions of the FEHA "is to provide all Californians with an equal opportunity to succeed in the workplace and should be applied accordingly by the courts."  Cal. Gov't Code § 12923(a).  As the California legislature declared, "harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being." *Id.*

86.     At all times herein mentioned, DEFENDANTS were subject to the FEHA, including its prohibition against harassing any employee on the basis of an employee's race, national origin and/or ancestry.

87.     As alleged above, during PLAINTIFF's employment with DEFENDANTS, DEFENDANTS intentionally engaged in harassment on the basis of PLAINTIFF's race, national

origin and/or ancestry.

88.     As alleged above, CHEN acted in a manner that was antagonistic to PLAINTIFF and which exhibited harassing motivations, intentions, and consciousness.

89.     A reasonable person subjected to the harassing conduct would find, as PLAINTIFF did, that the harassment so altered PLAINTIFF's working conditions as to be offensive and distressing, such that it affected PLAINTIFF's ability to do her job as usual and also undermined PLAINTIFF's sense of well-being.

90.     The doctrines of equitable tolling and continuing violations apply to PLAINTIFF's claim of harassment.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001) (an employee is not required to file a lawsuit the moment conditions become intolerable for the employee); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

91.     As a proximate result of DEFENDANTS' willful, knowing, and intentional harassment against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings or earning capacity and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

92.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

93.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.  PLAINTIFF is thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

**THIRD CAUSE OF ACTION**

**Retaliation For Opposing Practices Forbidden by FEHA**

**(Violation of FEHA, Cal. Gov't Code Section 12940(h))**

**(Against GOOGLE and DOES on behalf of PLAINTIFF)**

94.     PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

95.     At all times herein mentioned, FEHA was in full force and effect and was binding on DEFENDANTS.  This statute requires GOOGLE and DOES to refrain from retaliating against any employee for opposing practices forbidden by FEHA or who asserts rights under FEHA, including complaining of discrimination or harassment on the basis of sex, pregnancy, physical disability and/or medical condition, among other things.  *See* Cal. Gov't Code § 12940(h).

96.     As alleged herein, PLAINTIFF engaged in activity protected by the FEHA, including complaining about not being promoted or given a raise because of her race, national origin, and/or ancestry, not being  promoted and paid equitably compared to her similarly situated, and in some cases, less qualified, White (non-Hispanic) peers, marginalization and discrimination by CHEN and others, the toxic hostile work environment at GOOGLE, and asking that CHEN stop using racist terms including "pow wow," informing her that the terms were offensive to her as an Indigenous woman, as stated above.

97.     The ongoing decision not to consider PLAINTIFF for promotion, promote PLAINTIFF or give her a raise commensurate with her work was in retaliation for PLAINTIFF engaging in protected activity, including her complaints described above.

98.     The doctrines of equitable tolling and continuing violations apply to PLAINTIFF's claims of retaliation.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

99.     As a proximate result of GOOGLE's and DOES' willful, knowing, and intentional retaliation against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings or earning capacity and other employment benefits, and has suffered and continues to

26

suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

100.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

101.    GOOGLE and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from GOOGLE and DOES in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**Failure to Prevent, Investigate, and Remedy Discrimination, Harassment, or Retaliation**

**(Violation of FEHA, Cal. Gov't Code Section 12940(k))**

**(Against GOOGLE and DOES on behalf of PLAINTIFF)**

102.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

103.    California law requires employers to "take all reasonable steps necessary to prevent" and correct wrongful behavior, including but not limited to, discriminatory and harassing behavior in the workplace.  *See* Cal. Gov't Code §12940(k).  Pursuant to this statute, GOOGLE and DOES were required to take all reasonable steps to prevent harassment, discrimination, and retaliation based on PLAINTIFF's race, national origin and/or ancestry, and/or other protected characteristics.

104.    During the course of PLAINTIFF's employment, GOOGLE failed to prevent CHEN and others from engaging in intentional actions that resulted in PLAINTIFF being treated less favorably and subjected to a hostile work environment because of PLAINTIFF's protected statuses (*i.e.*, race, national origin and/or ancestry, and/or other protected characteristics).  Although GOOGLE was aware of a number of actions and comments to and about PLAINTIFF that constituted harassment, discrimination, and retaliation, GOOGLE did not take immediate or corrective action to

prevent further harassment, discrimination, and retaliation against PLAINTIFF.

105.   As alleged herein and above, GOOGLE and DOES violated California law by failing to take all reasonable steps necessary to prevent the harassment, discrimination, and retaliation from occurring.  *See* Cal. Gov't. Code § 12940(k).

106.   As a proximate result of GOOGLE and DOES' willful, knowing, and intentional failure to prevent, investigate or remedy harassment, discrimination, and retaliation against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings or earning capacity and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

107.   PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

108.   GOOGLE and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from GOOGLE and DOES in an amount according to proof.

### FIFTH CAUSE OF ACTION

**Whistleblower Retaliation**

**(Violation of Cal. Lab. Code Section 1102.5)**

**(Against DEFENDANTS on behalf of PLAINTIFF)**

109.   PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

110.   At all relevant times, California Labor Code section 1102.5 was in effect and was binding on DEFENDANTS.  California law prohibits DEFENDANTS from retaliating against any employee, including PLAINTIFF, for raising complaints of illegality.  "An employer, or any person

acting on behalf of the employer, shall not retaliate against an employee for disclosing information…

if the employee has reasonable cause to believe that the information discloses a violation of state or

federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation….”

Cal. Lab. Code § 1102.5(b).

111.   At all relevant times, an employer is responsible for the acts of its managers, officers,

agents, and employees.  *See* Cal. Lab. Code § 1104(b).

112.   As alleged herein, PLAINTIFF engaged in activity protected by complaining about

DEFENDANTS’ violation(s) of the FEHA and the California Labor Code.  In response,

DEFENDANTS retaliated against PLAINTIFF by taking adverse employment actions, including

refusing to consider PLAINTIFF for promotion, promote PLAINTIFF or increase PLAINTIFF’s

compensation commensurate with her job duties, discussed above.

113.   As a proximate result of DEFENDANTS’ willful, knowing, and intentional retaliation

against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of

earnings or earning capacity and other employment benefits, and has suffered and continues to suffer

humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a

sum according to proof.

114.   PLAINTIFF has incurred and continues to incur legal expenses and attorneys’ fees.

Pursuant to California Labor Code section 1102.5(j), PLAINTIFF is entitled to recover reasonable

attorneys’ fees in an amount according to proof.

115.   DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and

oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive

amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus

entitled to punitive damages from DEFENDANTS in an amount according to proof.

**SIXTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against DEFENDANTS on behalf of PLAINTIFF)**

116.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

117.    A person intentionally inflicts emotional distress when he/she engages in extreme and outrageous conduct with either: (1) an intent to cause emotional distress; or (2) reckless disregard of the probability of causing emotional distress, and actually does cause severe emotional suffering. *See Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).

118.    DEFENDANTS owed PLAINTIFF a duty of care not to cause PLAINTIFF emotional distress.

119.    As alleged herein and above, DEFENDANTS knowingly treated PLAINTIFF cruelly and illegally based on her race, national origin and/or ancestry, and because she engaged in other protected activity, causing her severe emotional distress.

120.    DEFENDANTS caused PLAINTIFF severe and extreme emotional distress that exceeded the normal risks of the employment relationship, by harassing and discriminating against her based on her race, national origin and/or ancestry, and conspiring against PLAINTIFF to deny her a promotion and pay raise, while giving promotions and raises to her White (non-Hispanic) colleagues, ultimately forcing her out of GOOGLE.

121.    DEFENDANTS breached their duty to PLAINTIFF by way of their own conduct, as alleged herein and above.

122.    DEFENDANTS' improper treatment of PLAINTIFF constituted severe and outrageous misconduct and caused PLAINTIFF to suffer extreme emotional distress that exceeded the normal risks of the employment relationship.

123.    PLAINTIFF is informed and believes and thereon alleges that such acts of DEFENDANTS were intentional, extreme, and outrageous.  PLAINTIFF is further informed and believes, and thereon alleges, that such actions were done with the intent to cause serious emotional

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

distress or with reckless disregard of the probability of causing PLAINTIFF serious emotional distress.

124.    As a proximate result of DEFENDANTS' extreme and outrageous conduct, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

125.    As a proximate result of DEFENDANTS' extreme and outrageous conduct, PLAINTIFF was compelled to and did employ the services of medical personnel, and the like, to care for and treat her, and did incur, medical, professional and incidental expenses.

126.    DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against DEFENDANTS on behalf of PLAINTIFF)**

127.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

128.    DEFENDANTS owed PLAINTIFF a duty of care not to cause PLAINTIFF emotional distress.

129.    As alleged herein and above, DEFENDANTS treated PLAINTIFF with wanton and reckless disregard of the probability of causing PLAINTIFF to suffer extreme emotional distress.

130.    DEFENDANTS breached their duty to PLAINTIFF by way of their own conduct, as alleged herein and above.

131.    As alleged herein and above, DEFENDANTS knowingly mistreated PLAINTIFF based on her race, national origin and/or ancestry, and conspired against PLAINTIFF to deny her a promotion and pay raise, while giving promotions and raises to her White (non-Hispanic) colleagues, ultimately forcing her out of GOOGLE.

31

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

132.    Such conduct was done in a careless or negligent manner, without consideration for the effect of such conduct upon PLAINTIFF's emotional well-being.

133.    DEFENDANTS knew, or should have known, that treating PLAINTIFF in the manner alleged above, would devastate PLAINTIFF and cause PLAINTIFF extreme hardship.

134.    As a proximate result of DEFENDANTS' negligent conduct, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

<u>**EIGHTH CAUSE OF ACTION**</u>

**Violation of California Equal Pay Act**

**(Cal. Lab. Code § 1197.5)**

**(Against GOOGLE and DOES on behalf of**

**PLAINTIFF, the CLASS, and all similarly aggrieved employees)**

135.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

136.    At all relevant times, California Labor Code section 1197.5 was in effect and was binding on GOOGLE and DOES.  This statute prohibits GOOGLE from paying any individual at a lower rate than employees of a different race or ethnicity for substantially similar work, when viewed as a composite of skill, effort, and responsibility, performed under similar working conditions.

137.    GOOGLE and DOES violated California Labor Code section 1197.5 by failing to pay PLAINTIFF at the same rate as her White (non-Hispanic) counterparts for substantially similar work, when viewed as a composite of skill, effort, and responsibility, performed under similar working conditions.  GOOGLE and DOES knew this to be the case, as it red flagged PLAINTIFF for "calibration issues" because she "has been performing above her level" for years, yet continued to fail to pay PLAINTIFF equal wages, which are due and owing.

138.    As a proximate result of GOOGLE and DOE'S violation of Labor Code section 1197.5, PLAINTIFF sustained substantial losses of earnings and employment benefits.  PLAINTIFF is entitled to the balance of the wages, including interest, and an equal amount as liquidated damages.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*See* Cal. Lab. Code § 1197.5(h).

139.    Labor Code section 1197.5(k)(1) prevents employers from, "in any manner discriminat[ing] or retaliat[ing] against, any employee by reason of any action taken by the employee to invoke or assist in any manner the enforcement of [Labor Code section 1197.5].  As alleged herein, GOOGLE and DOES discriminated and retaliated against PLAINTIFF for actions she took to attain pay equity in accordance with Labor Code section 1197.5.

140.    Pursuant to Labor Code section 1197.5(k)(2) enables employees, such as PLAINTIFF, who have "been discharged, discriminated or retaliated against, in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in" Labor Code section 1197.5, PLAINTIFF seeks to recover, among other things, "reimbursement for lost wages and work benefits caused by the acts of the employer, including interest thereon, as well as appropriate equitable relief."

141.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code section 1197.5(h), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

///

///

### NINTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against GOOGLE and DOES on behalf of PLAINTIFF)**

142.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

143.    Under California law, it is unlawful for an employer to terminate an employee in violation of a fundamental public policy of the United States of America and the State of California.

144.    The laws and public policy of the State of California as declared by, *inter alia*, the California Constitution, Art.1, Section 8, the FEHA, and the California Labor Code prohibit an

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

employer from terminating an employee on the basis of the employee's sex, gender, and sexual orientation, and/or because the employee engaged in protected activity.

145.    As alleged above, PLAINTIFF's race, national origin, ancestry, and/or protected activity were substantial motivating factors in her constructive discharge from GOOGLE and DOES.

146.    As a direct and proximate result of GOOGLE and DOES' violation of PLAINTIFF's rights under California law, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

147.    GOOGLE and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from GOOGLE and DOES in an amount according to proof.

### TENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

**(Against GOOGLE and DOES on behalf of PLAINTIFF and the CLASS)**

148.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

149.    At all times herein, California Business & Professions Code provides that "person" shall mean and include "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons."  Bus. & Prof. Code § 17201.

150.    At all times herein, GOOGLE's conduct, as alleged herein, was unfair, unlawful and harmful to PLAINTIFF, the general public, and GOOGLE's competitors.  PLAINTIFF has suffered injury in fact and has lost money as a result of GOOGLE's unlawful business practices.

151.    At all times herein, GOOGLE's activities, as alleged herein, violated California law, and constituted false, unfair, fraudulent and deceptive business acts and practices in violation of

34

California Business & Professions Code sections 17200, *et seq.*

152.    Each and every one of GOOGLE's acts and omissions in violation of the Labor Code, as alleged herein, including, but not limited to GOOGLE's failure to provide equal pay to PLAINTIFF, failure to pay PLAINTIFF all wages owed at the time of her separation; failure to timely pay PLAINTIFF all wages owed each month, and failure to furnish accurate wage statements, constituted an unfair and unlawful business practice under California Business & Professions Code sections 17200, *et seq.*

153.    As a result of the violations of California law herein described, GOOGLE unlawfully gained an unfair advantage over other businesses.  PLAINTIFF has suffered pecuniary loss by GOOGLE's unlawful business acts and practices alleged herein.

154.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, PLAINTIFF is entitled to restitution of the wages withheld and retained by GOOGLE during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring GOOGLE to pay all outstanding wages due to PLAINTIFF; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### Civil Penalties under the Private Attorneys General Act

### (Cal. Labor Code Sections 2698, *et seq.,*)

### (Against GOOGLE and DOES on behalf of the State of California

### by and through PLAINTIFF as a proxy for all aggrieved employees)

155.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

156.    PLAINTIFF is a non-White "aggrieved employee" within the meaning of California Labor Code Section 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former non-White employees of GOOGLE and DOES pursuant to the procedures specified in California Labor Code Section 2699.3, because PLAINTIFF was employed

by GOOGLE and DOES and the alleged violations of the California Labor Code were committed against PLAINTIFF.

157.    Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Labor Code Sections 2698-2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code Sections 2699 from GOOGLE and DOES in representative action for the violations set forth above, including but not limited to violations of California Labor Code Sections 1197.5.  PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code Section 2699(g)(1).

158.    Pursuant to California Labor Code Section 2699.3, PLAINTIFF gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and GOOGLE and DOES of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  PLAINTIFF's notice to the LWDA is attached as Exhibit A.  Within sixty-five (65) calendar days of the postmark date of PLAINTIFF's notice letter, the LWDA did not provide notice to PLAINTIFF that it intends to investigate the alleged violations.

159.    Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code Section 2699.3 to commence a representative action under PAGA.

160.    GOOGLE and DOES have violated *Labor Code* § 1197.5(b) by failing to pay their non-White employees at a rate equal to their White (non-Hispanic) employees for performing substantially similar work with respect to their skill, effort, and responsibility and under similar working conditions.

161.    GOOGLE and DOES have also violated *Labor Code* § 1197.5(k) by discriminating and retaliating against non-White employees because of their protected activities, including with respect to their request for promotions, increased compensation, and/or equal pay.

162.    *Labor Code* § 1197.5(b) prescribes:

> An employer shall not pay any of its employees at a wage rate less than the rates paid to employees of another race or ethnicity for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, except where the employer

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

demonstrates:

(1)    The wage differential is based upon one or more of the following factors:

    (A)    A seniority system.

    (B)    A merit system.

    (C)    A system that measures earnings by quantity or quality of production.

    (D)    A bona fide factor other than race or ethnicity, such as education, training, or experience.  This  factor shall apply only if the employer demonstrates that the factor is not based on or derived from a race- or ethnicity-based differential in compensation, is job related with respect to the position of this subparagraph, "business necessity" means an overriding legitimate business purpose such that the factor relied upon effectively fulfills the business purpose such that the factor relied upon effectively fulfills the business purpose it is supposed to serve.  This defense shall not apply if the employee demonstrates that an alternative business practice exists that would serve the same business purposewithout producing the wage differential.

163.    *Labor Code* § 1197.5(k) prescribes:

(1)    An employer shall not discharge, or in any manner discriminate or retaliate against, any employee by reason of any question taken by any question taken by the employee to invoke or assist in any many the enforcement of this section. An employer shall not prohibit an employee from disclosing the employee's own wages, discussing the wages of others, inquiring about another employee's wages, or aiding or encouraging any other employee to exercise his or her rights under this section. Nothing in thissection creates an obligation to disclose wages.

(2)    Any employee who has been discharged, discriminated or retaliated against, in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this section may recover in a civil action reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer, including interest thereon, as well as appropriate equitable relief.

(3)    A civil action brought under this subdivision may be commenced no later than one year after the cause of action occurs.

164.    *Labor Code* § 210 prescribes:

(a)    In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:

37

(1)　　For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2)　　For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(b)　　The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil penalty through the issuance of a citation or pursuant to Section 98.3. The procedures for issuing, contesting, and enforcing judgments for citations issued by the Labor Commissioner under this section shall be the same as those set forth in subdivisions (b) through (k), inclusive, of Section 1197.1.

(c)　　An employee is only entitled to either recover the statutory penalty provided for in this section or to enforce a civil penalty as set forth in subdivision (a) of Section 2699, but not both, for the same violation.

165.　*Labor Code* § 226(a) prescribes:

An employer… shall furnish to his or her employee…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….

166.　Labor Code § 226(e)(1) provides that if an employer knowingly and intentionally fails to provide a statement in compliance with Labor Code § 226(a), then the employee is entitled to recover the greater of actual damages of fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

167.　Labor Code § 226.3 prescribes:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

38

168.   GOOGLE and DOES have violated Labor Code § 1197.5 thereby resulting in GOOGLE and DOES knowingly and intentionally failing to furnish Plaintiff and all similarly situated employees with timely accurate and itemized wage statements showing the appropriate gross wages earned based upon their violation of Labor Code § 1197.5. […]

169.   Labor Code §§ 201 and 202 require GOOGLE and DOES to pay all compensation due and owing immediately at the time of discharge, layoff, or resignation made with at least seventy-two (72) hours' notice, or within seventy-two (72) hours of resignation made without seventy-two (72) hours' notice.

170.   *Labor Code* §§ 203 prescribes:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

171.   GOOGLE and DOES have violated Labor Code § 1197.5 thereby resulting in Defendants' willful failure to pay Claimants and all similarly situated individuals all compensation earned immediately upon termination or within seventy-two (72) hours' notice of the employees resignation.

172.   Labor Code section 204(a) prescribes:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and

39

1    the last day of the month, are paid at that time.

2    173.   GOOGLE and DOES have violated Labor Code § 1197.5 thereby resulting in

3    Claimants and all similarly situated individuals not being paid for all wages due and payable in

4    compliance with Labor Code § 204(a).

5    174.   California law requires that all hours worked over eight (8) in a day or forty in a

6    week or worked on the seventh consecutive day of a work week be paid at 1.5 times an employee's

7    regular rate of pay. *See, e.g., Cal. Lab. Code* §§ 510, 1194; *Cal. Code Regs.*, tit. 8 §§ 11040, *et seq.*

8    In addition, hours worked over twelve (12) in a day or hours over eight (8) worked on the seventh

9    consecutive day in a week are paid at two times an employee's regular rate of pay.

10   175.   Labor Code § 1194(a) provides:

11       Notwithstanding any agreement to work for a lesser wage, any employee
         receiving less than the legal minimum wage or the legal overtime
12       compensation applicable to the employee is entitled to recover in a civil
         action the unpaid balance of the full amount of this minimum wage or
13       overtime compensation, including interest thereon, reasonable attorney's
         fees, and costs of suit.

14   176.   GOOGLE and DOES have violated Labor Code § 1197.5 thereby resulting in

15   employees similarly situated to PLAINTIFF not being paid the appropriate overtime rate for

16   overtime hours worked.

17   177.   PLAINTIFF seeks to recover the prescribed civil penalties by *Labor Code* §§ §§

18   201, 202, 203, 204, 210, 226, 1197.5(a), 1197.5(k) and/or 2699(f) for the violations referenced

19   herein on behalf of herself and other non-White aggrieved employees.  PLAINTIFF also seeks

20   interest and attorney's fees and costs and any other remedies prescribed and permitted by PAGA.

**<u>TWELFTH CAUSE OF ACTION</u>**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**(Cal. Labor Code §§ 201-203, 1194.5)**

**(Against GOOGLE and DOES on behalf of PLAINTIFF**

**and the FORMER EMPLOYEE SUBCLASS)**

26   178.   PLAINTIFF incorporates by reference and realleges as if fully stated herein each

27   and every allegation set forth above.

28

40

179.    Pursuant to California Labor Code §§ 201, 202 and 203, GOOGLE is required to pay all earned and unpaid wages to an employee who is discharged or quits.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.  California Labor Code § 202 mandates that if an employee quits, the employee's wages accrued and unpaid at the time of quitting are due and payable no later than 72 hours after the employee quits her or his employment, unless the employee provided at least 72 hours of notice of her intention to quit, in which case the wages are due immediately at the time of quitting.

180.    California Labor Code § 203 provides that if an employer willfully fails to pay in accordance with California Labor Code §§ 201 and 202 any wages of an employee who is discharged or who quits, the employer is liable to waiting time penalties in the form of unpaid compensation to the employee at the same rate for up to 30 work days.

181.    By paying PLAINTIFF and FORMER EMPLOYEE SUBCLASS members lower wages lower than wages paid to their White (non-Hispanic) counterparts for performing substantially similar work under similar working conditions, GOOGLE failed and continues to fail to pay all accrued wages due to PLAINTIFF and the FORMER EMPLOYEE SUBCLASS members, in violation of Labor Code §§201 and 202, respectively.

182.    As a result of GOOGLE's unlawful acts and omissions, PLAINTIFF and the FORMER EMPLOYEE SUBCLASS members are entitled to all available statutory penalties, including waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

## THIRTEENTH CAUSE OF ACTION

### Declaratory Judgment

### (Cal. C.C.P. § 1060 *et seq.*)

### (Against GOOGLE and DOES on behalf of PLAINTIFF and the CLASS

183.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

41

184.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above, for which PLAINTIFF and the CLASS desire a declaration of rights and other relief available pursuant to the California Declaratory Judgment Act, C.C.P. § 1060 *et seq.*

185.    A declaratory judgment is necessary and proper in that PLAINTIFF and the CLASS contend that GOOGLE had committed and continues to commit the violations set forth above, and on information and belief, GOOGLE will deny that it has done so and/or will continue to commit such acts.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ANA CANTU, on behalf of herself, the State of California, aggrieved employees as defined herein, and the members of the CLASS and FORMER EMPLOYEE SUBCLASS as defined herein, respectfully prays for judgment against DEFENDANTS GOOGLE, CHEN and DOES, and each of them, as follows:

1.    For economic damages for loss of past and future earnings, as well as loss of earning capacity, just promotions, advancement, and employment benefits, in excess of this Court's jurisdictional limits and according to proof;

2.    For general damages for pain and suffering, mental and emotional trauma and anguish, for the loss of enjoyment of life, according to proof;

3.    For economic damages including resultant past and future medical care; job search costs, other economic damages, including incidental fees and/or other costs, and/or economic losses according to proof;

4.    For compensatory damages, as against each named Defendant, according to proof;

5.    For all wages (including base salary, bonuses, and stock) due pursuant to California Labor Code § 1197.5(h) in an amount to be ascertained at trial;

6.    For statutory and civil penalties arising from the violations of the California Labor Code alleged herein;

7.    For liquidated damages pursuant to California Labor Code § 1197.5(h);

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8.      For punitive damages, as against each named Defendant, for the causes of action alleged herein, according to proof;

9.      For attorneys' fees, as provided by statute, according to proof;

10.      For all available injunctive, equitable and other relief, including remedies authorized by California Government Code section 12965(c);

11.      For "affirmative relief" as defined in California Government Code section 12926(a);

12.      For restitution of all monies due to PLAINTIFF and similarly situated employees, as well as disgorged profits from the unfair and unlawful business practices of GOOGLE and DOES;

13.      For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code Section 2699;

14.      For interest on the unpaid wages at 10% per annum pursuant to California Labor Code section 1197.5(h), California Civil Code Sections 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

15.      For preliminary and permanent injunctive relief enjoining GOOGLE and DOES from violating California Labor Code § 1197.5, *et seq.*, by paying their non-White employees lower wages than they pay their White (non-Hispanic) counterparts for substantially similar work; and from engaging in unfair and unlawful business practices complained of herein in violation of California Business and Professions Code § 17200, *et seq.*;

16.      For statutory and civil penalties according to proof, including but not limited to all waiting time penalties authorized by California Labor Code § 203;

17.      For declaratory relief; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

43

18.     For such further relief that the Court may deem just and proper.

DATED:  January 22, 2024

GUNN COBLE LLP
HENNIG KRAMER RUIZ & SINGH LLP

By: _____

Catherine J. Coble
Attorneys for Plaintiff ANA CANTU,
individually and on behalf of the State of
California and aggrieved employees and the
proposed Class

44

## DEMAND FOR JURY TRIAL

PLAINTIFF Ana Cantu hereby demands a jury trial with respect to all issues triable of right by jury.  The amount demanded exceeds $25,000.  *See* Cal. Govt. Code § 72055.

DATED:  January 22, 2024

GUNN COBLE LLP
HENNIG KRAMER RUIZ & SINGH

By: _____

Catherine J. Coble
Attorneys for Plaintiff ANA CANTU,
individually and on behalf of the State of
California and aggrieved employees and the
proposed Class

45

1

## **PROOF OF SERVICE**

STATE OF CALIFORNIA

2

I am an attorney in the County of Los Angeles, State of California. I am over the age of 18

3

and not a party to the action in which this service is made. My business address is 3555 Casitas Avenue, Los Angeles, CA 90039.

4

On January 22, 2024, I served the following documents, described as:

5

6

**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

7

To the following parties:

8

Felicia Davis

*feliciadavis@paulhastings.com*

9

Zachary Hutton

*zachhutton@paulhastings.com*

10

Eric Distelburger

*ericdistelburger@paulhastings.com*

11

Matthew Honig

matthewhonig@paulhastings.com

12

Paul Hastings LLP

13

101 California Street, Forty-Eighth Floor

San Francisco, CA 94111

14

15

[X] VIA CAL WEST ATTORNEY SERVICES, INC: Service of the foregoing document(s) on the interested parties as listed on the Service List posted on

16

Calwest.LegalConnect.com

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on January 22, 2024, at La Crescenta, California.

18

19

20

21

By:_____

22

Catherine J. Coble

23

24

25

26

27

28

46

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF