CARSON H. SULLIVAN (*admitted pro hac vice*)
carsonsullivan@paulhastings.com
MADALYN K. DOUCET (*admitted pro hac vice*)
madalyndoucet@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705

Attorneys for Defendant
GOOGLE LLC

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

APRIL CURLEY, DESIREE MAYON,
RONIKA LEWIS, RAYNA REID, ANIM
AWEH, and EBONY THOMAS,
individually and on behalf of all others
similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

CASE NO. 3:22-CV-01735-AMO

**DEFENDANT GOOGLE LLC'S
RESPONSE TO NOTICE OF PENDENCY
OF OTHER ACTIONS OR
PROCEEDINGS**

1  EMILY R. PIDOT (SB# 233241)
   emilypidot@paulhastings.com
2  SARA B. TOMEZSKO (*admitted pro hac vice*)
   saratomezsko@paulhastings.com
3  PAUL HASTINGS LLP
   200 Park Avenue
4  New York, New York 10166
   Telephone:  1(212) 318-6000
5  Facsimile:  1(212) 319-4090

6  FELICIA A. DAVIS (SB# 266523)
   feliciadavis@paulhastings.com
7  ANKUSH DHUPAR (SB# 307689)
   ankushdhupar@paulhastings.com
8  LINDSEY C. JACKSON (SB# 313396)
   lindseyjackson@paulhastings.com
9  PAUL HASTINGS LLP
   515 S. Flower Street
10 Twenty-Fifth Floor
   Los Angeles, California 90071-2228
11 Telephone:  1(213) 683-6000
   Facsimile:  1(213) 627-0705
12
   Attorneys for Defendant
13 GOOGLE LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S RESPONSE
TO NOTICE OF PENDENCY OF OTHER
ACTIONS OR PROCEEDINGS

Pursuant to U.S. District Court for the Northern District of California Civil Local Rule 3-13(c), Defendant Google LLC ("Google") hereby responds to the Notice of Pendency of Other Actions or Proceedings (the "Notice") filed by counsel for Ana Cantu (Dkt. 94).

Google submits that there are similarities and important differences between the instant Action and *Ana Cantu v. Google LLC et al.*, Case No. 21CV392049, filed in the California Superior Court for the County of Santa Clara (the "*Cantu* Action"). Both the *Cantu* Action and this Action assert various discrimination, harassment, and retaliation claims against Google. However, it was not until July 26, 2024, when Plaintiffs filed their Third Amended Complaint in the instant Action (Dkt. 93), that they alleged a new cause of action that overlaps completely with one of the claims pled in the *Cantu* Action.

In Plaintiffs' newly alleged Count XVI, Plaintiffs assert class claims on behalf of Black and/or African American Google employees who work or worked for Google in or based out of California at Levels 2 through 8 for violations of California Labor Code § 1197.5. *See* Dkt. No. 93 ¶¶ 27, 33(f), 81, 205-210. This is the first time Plaintiffs in this Action have asserted a cause of action under the California Equal Pay Act. Specifically, this Count XVI alleges that Google paid the putative class members "wage rates less than the rates paid to employees of another race for substantially similar work." *Id.* at ¶ 207. Likewise, the plaintiffs in the *Cantu* Action are pursuing class claims on behalf of all non-White and non-Asian Google employees in California, *including* employees of "Black/African descent," for alleged violations of California Labor Code § 1197.5. *See* Exhibit B to the Notice, at ¶¶ 14(a), 135-141.[1] In the *Cantu* Action, the plaintiff claims that Google paid the putative class members "less than White (non-Hispanic) employees in the same job position and job level, even though [Google] acknowledges that employees in the same job position and level perform substantially similar work." *Id.* at ¶ 56.

While Google vehemently disputes any liability to the named plaintiffs or putative class members in either action, and disagrees with Ms. Cantu's suggestion that Google wrongfully delayed alerting the Court of the pendency of her action before Cantu had the opportunity to do so

---

[1] As pled, the relevant statute of limitations for the California Equal Pay Act claims also overlap entirely.

1  (only three business days following Plaintiffs' filing of their Third Amended Complaint),[2] Google

2  does not dispute that Plaintiffs' newly added California Equal Pay Act claim in the instant action

3  overlaps with the California Equal Pay Act claim asserted in the *Cantu* Action.

4      Ms. Cantu proposes that the Court coordinate this case with the *Cantu* Action insofar as the

5  California Labor Code § 1197.5 class allegation is concerned.  Google does not disagree.

6  "[C]oordination between overlapping class actions is important."  *Cobarruviaz v. Maplebear, Inc.*,

7  2016 WL 5725076, at *2 (N.D. Cal. Sept. 30, 2016) (citing Federal Judicial Center, Manual for

8  Complex Litigation § 20.31 (4th ed. 2004) (the "Manual") ("The need to coordinate is especially

9  acute where overlapping or multiple class actions are filed in more than one court.  It is best to

10  communicate with state and federal counterparts at an early stage.  Unilateral action by any judge

11  to certify a class or assert nationwide jurisdiction can fatally undermine future coordination

12  efforts.").  It is essential to avoid conflicts between class actions and "reduce the costs, delays, and

13  duplication of effort that often stem from . . . dispersed litigation."  *Id.*[3]

14      Here, coordination between this Action and the *Cantu* Action will conserve resources and

15  promote an efficient determination of this Action.  For example, the discovery to be sought by

16  Plaintiffs here and the plaintiff in the *Cantu* Action is likely to overlap.  Additionally, Google may

17  assert the same defenses and arguments in response to the California Equal Pay Act causes of action

18

19  [2] Contrary to the assertions in Ms. Cantu's filing, Google had no idea that Plaintiffs in this Action
intended to include a California Equal Pay Act claim in their Third Amended Complaint.  In the

20  two years since this case was filed, Plaintiffs have never indicated an intention to add a California
Equal Pay Act cause of action and Google did not learn of the addition until the Third Amended

21  Complaint was filed on Friday, July 26, 2024.  The suggestion that Google violated any court's

22  rules by not notifying this Court or counsel for Ms. Cantu before the third business day following
the filing of the Third Amended Complaint is entirely off base.  Nowhere in the rule is "promptly"

23  defined, let alone defined so strictly.  *See* L.R. 3-13.

24  [3] Though circumstances may vary, this Court has recognized that "[c]oordination is an inherently
flexible practice and may be accomplished in many ways, including by assigning a single judge to

25  sit temporarily in the district where the cases are pending, treating one case as the 'lead case,'
requiring joint conferences and orders, jointly appointing experts or special masters, taking care to

26  avoid duplicative discovery, clarifying class definitions, and entering a stay pending resolution of
another action."  *Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1465355, at *2 (N.D. Cal. Feb. 8,

27  2019) (citing the Manual, § 20.14); *see also, e.g., Barnes v. Equinox Group, Inc.*, 2010 WL
5479624 at *3 (N.D. Cal. Dec. 30, 2010) (temporarily staying one action in an effort to coordinate

28  related actions).

in both cases, and coordination would eliminate the potential for conflicts by ensuring those claims are determined uniformly.  Any alternative path would require Google to litigate the same claim at the same time in two different courts, potentially yielding two completely different legal results by which Google would be required to abide.

Respectfully submitted,

DATED:  August 6, 2024

PAUL HASTINGS LLP

By: */s/ Carson H. Sullivan*
CARSON H. SULLIVAN

Attorneys for Defendant
GOOGLE LLC

DEFENDANT GOOGLE LLC'S RESPONSE
TO NOTICE OF PENDENCY OF OTHER
ACTIONS OR PROCEEDINGS

1

## **PROOF OF SERVICE**

2

3    STATE OF CALIFORNIA                                )
                                                        ) ss:
4    CITY OF LOS ANGELES AND COUNTY OF LOS              )
     ANGELES                                            )
5

6           I am employed in the City of Los Angeles and County of Los Angeles, State of
     California.  I am over the age of 18, and not a party to the within action.  My business address is
7    515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.

8           On August 6, 2024, I served the foregoing document(s) described as:

9    **DEFENDANT GOOGLE LLC'S RESPONSE TO NOTICE OF PENDENCY**
     **OF OTHER ACTIONS OR PROCEEDINGS**

10

11   on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
     addressed as follows:

12
                                **SEE ATTACHED SERVICE LIST**
13

          **VIA U.S. MAIL:**
14   ☒
          I am readily familiar with the firm's practice of collection and processing of
15        correspondence for mailing with the United States Postal Service.  Such
          envelope(s) were placed for collection and mailing with postage thereon fully
16        prepaid at Los Angeles, California, on that same day following ordinary business
          practices.
17

          **VIA ELECTRONIC TRANSMISSION:**
18   ☐
          By personally emailing the aforementioned document(s) in PDF format to the
19        respective email address(es) listed above on August 6, 2024.  I did not receive an
          electronic message indicating any errors in transmission.
20
            I declare under penalty of perjury under the laws of the United States of America
21   that the above is true and correct.

22          Executed on August 6, 2024, at Los Angeles, California.

23                                                    _____
                                                              Francine Sheldon
24

25

26

27

28

1

**SERVICE LIST**

2

3      Beth Gunn, Esq.                                    Attorneys for Plaintiff Ana Cantu
       Catherine J. Coble, Esq.                           in *Ana Cantu v. Google LLC et al.*,
4      Michelle Martin                                    Case No. 21CV392049, filed in California
       GUNN COBLE LLP                                     Superior Court for the County of Santa Clara
5      3555 Casitas Ave,
       Los Angeles, CA 90039-1903
6

7      Jennifer Kramer, Esq.                              Attorneys for Plaintiff Ana Cantu
8      HENNIG KRAMER LLP                                  in *Ana Cantu v. Google LLC et al.*,
       3600 Wilshire Blvd., Suite 1908                    Case No. 21CV392049, filed in California
9      Los Angeles, CA 90010                              Superior Court for the County of Santa Clara

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28