UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CURLEY, DESIREE MAYON, RONIKA LEWIS, RAYNA REID, ANIM AWEH, and EBONY THOMAS, individually and behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO. 3:22-CV-01735-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      JURISDICTION & SERVICE**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over Plaintiffs' claims arising under federal law pursuant to 28 U.S.C. §§ 1331, 1332, and 1343 and supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367. Google reserves the right to challenge the Court's subject matter jurisdiction over certain of Plaintiffs' claims based on state or local law should discovery reveal facts demonstrating a lack of nexus to the relevant jurisdiction. There are no

issues regarding personal jurisdiction or venue at this time. There are no parties remaining to be served.

## 2. FACTS
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

In this class action, Google employees and applicants allege, among other things, that Google refuses to hire qualified African American applicants, assigns the relatively few African Americans it does hire to lower-level roles, and subjects them to discriminatory compensation and performance review practices and a racially hostile work environment, resulting in lower pay, lack of advancement, and higher attrition. (Dkt. No. 93.) Plaintiffs allege that Google is therefore engaged in a pattern or practice of discrimination and employs policies and practices that have an unlawful disparate impact on African Americans in violation of federal and state civil rights laws.

Google denies Plaintiffs' allegations in their entirety and filed its Answer on August 26, 2024. (Dkt. No. 97.) Google is not engaged in a pattern or practice of discrimination and Google's policies and practices do not have an unlawful disparate impact on African Americans. Google denies that the Plaintiffs are entitled to the relief they seek in the Third Amended Complaint, either on behalf of themselves or the putative employee and applicant classes they seek to represent, the existence of which is expressly denied.

## 3. LEGAL ISSUES
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs allege that Google has discriminated against Black and African American employees and applicants in violation of 42 U.S.C. § 1981, Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., California Fair Employment and Housing Act, Cal. Gov. Code § 12940 et seq., New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., New York City Human Rights Law, N.Y.C. Admin Code § 8-101 et seq., and California Equal Pay Act, Cal. Labor Code § 1197.5. (Dkt. No. 93.) Plaintiffs assert that these claims challenging companywide practices are amenable to class treatment under Rule 23. The class is sufficiently numerous, the claims involve common issues, the Plaintiffs' claims are typical of the class, and the Plaintiffs and counsel will adequately represent the class. Certification will be appropriate under Rule 23(b)(2),

because common issues will predominate, Rule 23(b)(3), because the class seeks injunctive relief that would affect the whole class, or Rule 23(c)(4).

Google denies Plaintiffs' allegations in their entirety and has asserted various defenses. (Dkt. No. 97.) Google contends that Plaintiffs cannot meet the prerequisites of a viable Rule 23 class action. There is no glue that binds putative class members together other than their race and their employment with Google. Plaintiffs have not and cannot articulate what common harm all class members suffered or a theory susceptible to common proof. Even a cursory review of the facts demonstrates that Plaintiffs' claims are unique, highly individualized, and are not consistent even among themselves, let alone the thousands of employees in different jobs and different offices and across the country they seek to represent. Fact-intensive, individualized questions will predominate given the sheer breadth of the putative class and the claims at issue, and therefore Plaintiffs will be unable to meet the requirements of Rule 23.

**4.     MOTIONS**
*All prior and pending motions, their current status, and any anticipated motions.*

Excluding administrative motions (i.e. motions for extensions of time, motions for leave to appear pro hac vice, motions to seal), none of which are pending at this time, Google filed a partial motion to dismiss and motion to strike and a request for judicial notice (Dkt. Nos. 44, 45) on October 14, 2022. On December 28, 2023, the Court denied Google's motion to strike the class allegations, and granted portions of the motion to dismiss, with leave to amend, for Plaintiff Curley's New York race discrimination and sex and sexual orientation claims, and Plaintiff Aweh's individual claims. Plaintiffs also filed a motion for protective order and curative notice (Dkt. No. 65), which was withdrawn (Dkt. No. 68.)

Plaintiffs filed their Third Amended Complaint on July 26, 2024, (Dkt. No. 93), and Google filed its Answer on August 26, 2024. (Dkt. No. 97.) Discovery will now commence. At the close of Phase I of discovery (as described below), Plaintiffs intend to file a motion for class certification, which Google intends to oppose. The parties anticipate bringing Daubert Motions in accordance with the Court's standing order. Additionally, either party may determine that there is a need to file discovery and other motions as this matter progresses through discovery.

### 5. AMENDMENT OF PLEADINGS

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The parties have met and conferred regarding whether an amendment as to the Scope of the class may be warranted. Discussions are ongoing and an Amendment may be forthcoming depending on the outcome of those discussions. That Amendment would not impact proposed case deadlines.

### 6. EVIDENCE PRESERVATION

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties will work cooperatively to continue their dialogue regarding reasonable preservation as the case continues.

### 7. DISCLOSURES

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties have met and conferred over initial disclosures pursuant to Federal Rule of Civil Procedure 26, and the parties will exchange initial disclosures on or before September 27, 2024. The parties are familiar with General Order Nos. 56 and 71 and do not believe they are applicable to this putative class action.

### 8. DISCOVERY

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

**a. General Matters**

Defendant's Answer was just filed on August 26, 2024. Plaintiffs filed their first set of interrogatories and first requests for production on August 29, 2024. At this time, the parties do not anticipate any changes to limitations on discovery imposed by the Federal Rules of Civil Procedure. The parties have met and conferred regarding the form and substance of privilege

logs. The parties are continuing to meet and confer regarding a stipulated protective order and electronically stored information ("ESI") protocol.

### b. Discovery Plan and Scheduling

The parties agree that discovery in this case should be bifurcated, and that the first phase ("Phase I") should include issues germane to class certification. The parties are continuing to meet and confer regarding the scope of Phase I discovery, including named Plaintiffs' depositions and written discovery to named Plaintiffs. The parties will bring any disputes regarding these issues to the Court if they are not able to come to agreement.

For Phase I Fact Discovery, the parties anticipate written discovery, including interrogatories and document demands, ESI production, data production and depositions, including depositions of all named Plaintiffs and 30(b)(6) depositions ("Fact Discovery"). The parties agree that expert reports and depositions ("Expert Discovery") should follow the close of Fact Discovery. The parties agreed to the following schedule for the first phase of discovery prior to class certification briefing (Phase I):

- Close of Phase I Fact Discovery: September 19, 2025
- Plaintiffs' Expert Reports: October 17, 2025
    - The parties will work cooperatively to schedule depositions of all of Plaintiffs' experts during this time, to be completed no later than November 14
- Defendant's Expert Reports: November 21, 2025
    - The parties will work cooperatively to schedule depositions of all of Defendants' experts during this time, to be completed no later than December 12
- Plaintiff Rebuttal Expert Reports: December 19, 2025
- Plaintiffs' Class Certification Motion: January 16, 2026
- Defendant's Opposition to Plaintiffs' Motion for Class Certification: February 27, 2026
- Plaintiffs' Reply in Support of Class Cert Motion: March 12, 2026

9.  **CLASS ACTIONS**
    *If a class action, a proposal for how and when the class will be certified.*

After class discovery has been completed, Plaintiffs will move for class certification consistent with Fed. R. Civ. P. 23(c)(1)(A). Google does not believe Plaintiffs' claims, as

currently alleged, are appropriate for class treatment, and it intends to oppose Plaintiffs' motion for class certification.

**10. RELATED CASES**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Ana Cantu, a plaintiff asserting a representative claim against Google for violation of California Labor Code § 1197.5 in the California Superior Court, County of Santa Clara (Case No. 21CV392049) (the "*Cantu* Action"), has filed a notice of related action in this case, following Plaintiffs' filing of a Third Amended Complaint. (Dkt. Nos. 94-96.) Both *Cantu* and Count XVI of this case allege violations of California Labor Code § 1197.5. Ms. Cantu proposes that the Court coordinate this case with the *Cantu* Action insofar as the California Labor Code § 1197.5 class allegation is concerned. (Dkt. No. 94).

**Plaintiffs' Position:**

As stated in Plaintiffs' response to the notice of related action (Dkt. No. 96), Plaintiffs do not believe there is any pending request for coordination and would oppose such a request. *Cantu* seeks to represent a class of most racial and ethnic minority employees of Google in California. Plaintiffs here raise nationwide claims, including for unequal pay, on behalf of only Black and African American employees. As Plaintiffs explained, these differences counsel against coordination. "Coordinated discovery between the Black and African American Plaintiffs in this case and the broader class in *Cantu*—even solely as to California Equal Pay Act claims—would therefore be inefficient and inappropriate and dampen the respective classes' ability to independently and zealously advocate for their unique interests. Further, under the California Equal Pay Act claims, the comparators for the *Curley* class include members of the *Cantu* class." (Dkt. No. 96 at 6.)

**Google's Position:**

As stated in its Response to Notice of Pendency of Other Actions or Proceedings filed August 6, 2024 (Dkt. No. 95), Google believes that the Court should coordinate this case with the

*Cantu* Action insofar as the California Labor Code § 1197.5 is concerned. (Dkt. No. 95). Coordination between this Action and the *Cantu* Action will conserve resources and promote an efficient determination of this Action. Discovery to be sought in this Action and in the *Cantu* Action are likely to overlap and Google may assert the same defenses and arguments in response to the California Equal Pay Act causes of action in both cases, and coordination would eliminate the potential for conflicts by ensuring those claims are determined uniformly. (*id.*).

**11.   RELIEF**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiffs' Position:**

Plaintiffs intend to seek all relief available under the law and principles of equity, including monetary, equitable, and injunctive relief on behalf of themselves and a class of African American employees and applicants. Plaintiffs will seek injunctive relief to reform Google's discriminatory employment and hiring practices to ensure current and future African American employees have equal opportunities to succeed at Google, as well as equitable relief to include the reinstatement of former employees. Plaintiffs will also seek compensation and benefits that they and the class members have lost and will lose in the future as a result of Defendant's unlawful conduct, compensatory, punitive, and liquidated damages, prejudgment interest and attorneys' fees and costs, as provided by law.

At this juncture, Plaintiffs lack access to the workforce documents and data within Google's control that are necessary to assess and quantify damages. At the appropriate time and in accordance with the Court's orders and the Federal Rules of Civil Procedure, Plaintiffs intend to retain an expert or experts to study and analyze Google's data and discovery and calculate economic damages.

**Google's Position:**

Google disputes that Plaintiffs are entitled to any relief, or that the individual plaintiffs may seek relief on behalf of any individuals other than themselves. Google's position is that

damages (like liability) cannot be determined on a classwide basis, and if Plaintiffs are entitled to any damages (which Google disputes), it is for their individual claims only.

**12.    SETTLEMENT AND ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties engaged in private mediation in June 2024, and continued discussions about a potential early resolution thereafter, but the parties have been unable to reach an agreement. The parties will timely comply with ADR L.R. 3-5 as applicable.

**13.    OTHER REFERENCES**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe this case is suitable for any such reference.

**14.    NARROWING OF ISSUES**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

As set forth below, Plaintiffs believe that the predominant issue in this case is classwide liability (i.e. whether the challenged employment practices are discriminatory), which can be efficiently determined in a single, classwide trial after targeted classwide discovery. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 359–61 (1977); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 492 (7th Cir. 2012). Plaintiffs intend to work cooperatively with Defendant to reach stipulations and otherwise narrow issues presented at trial but believe that it is premature to narrow such issues at this stage, prior to the benefit of discovery. However, the parties are continuing to meet and confer regarding whether an amendment as to the scope of the class may be warranted. Discussions are ongoing but if agreed to, would not impact case deadlines.

**15.    EXPEDITED TRIAL PROCEDURE**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial*

*and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties agree that this case should not be handled under the Expedited Trial Procedure.

**16.  SCHEDULING**
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

As stated above, the parties conferred and propose the following schedule for Phase I Discovery for the Court's consideration:

| Activity | Deadline |
|---|---|
| Close of Phase I Fact Discovery | September 19, 2025 |
| Plaintiffs' Expert Reports | October 17, 2025 |
| Completion of Depositions of all Plaintiffs' Experts | November 14, 2025 |
| Defendant's Expert Reports | November 21, 2025 |
| Completion of Depositions of all Defendant's Experts | December 12, 2025 |
| Plaintiffs' Rebuttal Expert Reports | December 19, 2025 |
| Plaintiffs' Class Certification Motion | January 16, 2026 |
| Defendant's Opposition to Plaintiffs' Motion for Class Certification | February 27, 2026 |
| Plaintiffs' Reply in Support of Class Cert Motion | March 12, 2026 |

To the extent Daubert motions are anticipated as the case proceeds, the parties will confer as to a briefing schedule for such motions at the close of Fact Discovery, taking into account the Standing Order for Civil Cases. The parties will meet and confer and propose a schedule for merits discovery, dispositive motions, the pre-trial conference and trial if class certification is granted.

**17.  TRIAL**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

1   Plaintiffs have demanded a jury trial. The parties cannot yet predict the expected length of
2   trial. Plaintiffs will present a trial plan for the Court's consideration at the appropriate time.
3   Plaintiffs believe a single classwide liability trial to determine whether Google has a policy or
4   practice of race discrimination and whether its employment practices have an unlawful disparate
5   impact against African Americans is the most efficient method to resolve this action. *Int'l Bhd. of*
6   *Teamsters v. United States*, 431 U.S. 324, 359–61 (1977); *McReynolds v. Merrill Lynch, Pierce,*
7   *Fenner & Smith, Inc.*, 672 F.3d 482, 492 (7th Cir. 2012).

   Google disputes that a manageable or effective trial of these claims is possible, given the breadth of the claims at issue and the scope of the putative classes asserted and will demonstrate this to the Court, including when it opposes Plaintiffs' motion for class certification.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs have filed a Certification of Interested Entities or Persons, and have no conflict or interest (other than the named parties) to report. (Dkt. 69.) Google has filed a Certification of Interested Entities or Persons, (Dkt. No. 53), and below restates the contents of its certification:

The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

   1.   Google LLC
   2.   XXVI Holdings Inc., Holding Company of Google LLC
   3.   Alphabet Inc., Holding Company of XXVI Holdings Inc.

**19. PROFESSIONAL CONDUCT**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

1  All attorneys of record for the parties have reviewed the Guidelines for Professional

2  Conduct for the Northern District of California.

**20. OTHER**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties have no other matters to report to the Court.

DATED: August 30, 2024          PLAINTIFFS APRIL CURLEY, DESIREE
                                MAYON, RONIKA LEWIS, RAYNA REID,
                                ANIM AWEH, and EBONY THOMAS


                                By: /s/    Linda D. Friedman
                                        LINDA D. FRIEDMAN
                                Attorneys for Plaintiffs

DATED: August 30, 2024          DEFENDANT GOOGLE LLC


                                By: /s/ Carson H. Sullivan
                                        CARSON H. SULLIVAN
                                Attorneys for Defendant
                                Google LLC

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED

Dated: _____
                                _____
                                UNITED STATES DISTRICT JUDGE
                                ARACELI MARTINEZ-OLGUIN