CARSON H. SULLIVAN (*admitted pro hac vice*)
carsonsullivan@paulhastings.com
MADALYN K. DOUCET (*admitted pro hac vice*)
madalyndoucet@paulhastings.com
CLAIRE SABA MURPHY (*admitted pro hac vice*)
clairesabamurphy@paulhastings.com
ZARA SHORE (*admitted pro hac vice*)
zarashore@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705

Attorneys for Defendant
GOOGLE LLC

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CURLEY, DESIREE MAYON, RONIKA LEWIS, RAYNA REID, ANIM AWEH, and EBONY THOMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO. 3:22-CV-01735-AMO<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |

EMILY R. PIDOT (SB# 233241)
emilypidot@paulhastings.com
SARA B. TOMEZSKO (*admitted pro hac vice*)
saratomezsko@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
ANKUSH DHUPAR (SB# 307689)
ankushdhupar@paulhastings.com
LINDSEY C. JACKSON (SB# 313396)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 S. Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant
GOOGLE LLC

- 2 -

DEFENDANT GOOGLE LLC'S NOTICE
OF PENDENCY OF OTHER
ACTION OR PROCEEDING

1    Pursuant to U.S. District Court for the Northern District of California Civil Local

2  Rule 3-13, Defendant Google LLC ("Defendant" or "Google"), hereby provides notice that the

3  following action involves all or a material part of the same subject matter and all or

4  substantially all of the same parties as the above-entitled action:

5    **A.  *Erutode Aggreh v. Google LLC, et al.*, Case No. 23CV418667, Superior Court of**

6        **California, County of Santa Clara**

7    The *Aggreh* action involves the same Defendant (Google LLC) and a member of the

8  putative class alleged in this matter, Plaintiff Erutode Aggreh.  The operative Complaint in

9  *Aggreh* is attached as Exhibit 1.  Mr. Aggreh asserts an individual claim of discrimination based

10  on race, in violation of California Government Code Section § 12940, *et seq.*, among others.  The

11  Plaintiffs in the above-entitled action assert putative class claims alleging, *inter alia*,

12  discrimination based on race, in violation of California Government Code Section § 12940, *et*

13  *seq*.  The Aggreh matter is currently in the discovery phase of litigation.  No trial date has been

14  set.  Google does not believe the proceedings should be coordinated.

15

16  DATED:  February 26, 2025                          PAUL HASTINGS LLP

17

18                                                             By: */s/ Felicia A. Davis*

19                                                                         FELICIA A. DAVIS

20                                                             Attorneys for Defendant
                                                               GOOGLE LLC

21

22

23

24

25

26

27

28

# EXHIBIT 1

E-FILED
6/30/2023 5:17 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV418667
Reviewed By: R. Cachux

Kevin A. Lipeles (Bar No. 244275)
Thomas H. Schelly (Bar No. 217285)
Samuel R. Scherr (Bar No. 313141)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorneys for Plaintiff,
ERUTODE AGGREH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

23CV418667

| | |
|---|---|
| ERUTODE AGGREH, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>GOOGLE, LLC, a Delaware limited liability company; CHRIS LOUZ, an individual; BOYAR NATO, an individual; KEVIN ATWOOD; an individual; LEAH WILLIAMS; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br><br>1. **DISCRIMINATION BASED ON RACE** (*Govt. Code* §12940(a));<br>2. **HOSTILE WORK ENVIRONMENT** (Govt. Code §12940 *et seq.*);<br>3. **FAILURE TO PREVENT DISCRIMINATION** (Govt. Code §12940(k));<br>4. **RETALIATION** (*Govt. Code* §12940 *et seq.*);<br>5. **RACE HARASSMENT** (*Govt. Code* §12940(J);<br>6. **FAILURE TO PROMOTE** (*Govt. Code* §12940 *et seq.*);<br>7. **WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY** (*Govt. Code* §12940 *et seq.*);<br>8. **WILLFUL MISCLASSIFICATION AS EXEMPT;**<br>9. **FAILURE TO PAY PREMIUM OVERTIME WAGES DUE** (Cal. *Labor Code* §§ 510, 511, 558, 1194, 1198);<br>10. **FALURE TO PROVIDE TIMELY OFF DUTY MEAL PERIODS** (Cal. *Labor Code* §§ 226.7, 512);<br>11. **FAILURE TO PROVIDE REST PERIODS** (Cal. *Labor Code* § 226.7);<br>12. **FAILURE TO MAINTAIN RECORDS AND PROVIDE ACCURATE** |

1

ITEMIZED WAGE STATEMENTS
(Cal. *Labor Code* §226);
13. FAILURE TO PAY WAGES ON
TERMINATION AND/OR
RESIGNATION (Cal. *Labor Code*
§§201-203);
14. FAILURE TO ALLOW INSPECTION
OF EMPLOYMENT RECORDS (Cal.
*Labor Code* §1198.5); and
15. UNFAIR COMPETITION (Cal. *Bus. &
Prof. Code* §§17200 *et seq.*

DEMAND FOR A JURY TRIAL

ERUTODE AGGREH ("Plaintiff") alleges the following:

I.    JURISDICTION AND VENUE

1.    This action is brought is pursuant to California *Government Code* §12920 *et seq.*, and the rules, regulations and directives implementing those statutes. This Court also has jurisdiction over this Complaint under *Code of Civil Procedure* §410.10 and *Business & Professions Code* §§ 17200 *et seq.*

2.    Venue is proper in this Court pursuant to *Code of Civil Procedure* §§ 395 and 395.5, because the claims made, and the discrimination as against the person identified herein, occurred in the County of Santa Clara and because Defendant owned and operated their business in the County of Santa Clara.

II.    PARTIES

3.    At all times relevant hereto, Plaintiff ERUTODE AGGREH (hereinafter "Plaintiff") was an individual over age 18 and a resident of Riverside County, California.

4.    Plaintiff is informed and believes and thereon alleges that at all times material hereto, Defendant Google, LLC, (hereinafter "Google"), has been, and is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with a principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043. At all times material hereto, Google was, and is a provider of search and advertising services on the

2

Exhibit 1, Page 6

internet. Plaintiff is informed and believes and thereon alleges that at all times material hereto Google has been authorized to do business and has been doing business in the State of California.

5.    Google is a wholly owned subsidiary of Alphabet, Inc., an American multinational technology conglomerate holding company. It is Alphabet's largest subsidiary and is a holding company for Alphabet's Internet properties and interests.

6.    Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant Chris Louz ("Chris"), was Plaintiff's manager.

7.    Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant Boyar Nato ("Boyar"), was Plaintiff's manager.

8.    Plaintiff is informed and believes and thereon alleges, that at all relevant times herein, Defendant Kevin Atwood ("Kevin") was Plaintiff's manager.

9.    Plaintiff is informed and believes and thereon alleges, that at all relevant times herein, Defendant Leah Williams ("Leah") (collectively with Google, Chris, Boyar, and Kevin "Defendants"), was Plaintiff's manager.

10.    Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant and some of DOES 1 through 100 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore Plaintiff sues these Defendants by such fictitious names and capacities. Plaintiff will amend his Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff and racial discrimination practices. These DOE Defendants

3

held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for wage and hour practices and racial discrimination, for Defendants which have damaged Plaintiff. Therefore, Does 1 through 100, in addition to the remaining Defendants, are "employers" as a matter of law and personally liable on the causes of action alleged herein pursuant to FEHA and the Labor Code as alleged herein.

12.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 100 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California.  Specifically, DOES 1 through 100 maintain offices, operate businesses, employ persons, conduct business and engage in racial discrimination in the County of Santa Clara.

13.     Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants aided and assisted the named Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each Defendant.

III.    **FACTUAL ALLEGATIONS THAT ARE COMMON TO ALL CAUSES OF ACTION**

**Employment Information**

14.     Plaintiff was an employee of Google. Plaintiff began working at Google in or about September 2007. Plaintiff worked as a Salesman and he was responsible for existing Google accounts, renewing those accounts annually, managing new product release costs, and reaching out to potential customers to convince them to bring their accounts to Google. On or about October 22, 2022, Plaintiff was wrongfully constructively terminated due racial discrimination and/or retaliation.

COMPLAINT AND DEMAND FOR JURY TRIAL

**<u>Racial Discrimination and Wrongful Constructive Termination</u>**

15.    Throughout Plaintiff's employment at Google, he was subjected to racial discrimination and harassment on a daily basis by his managers, Chris, Boyar, Kevin and Leah. Plaintiff is Black and he is from Africa. Plaintiff was the only Black from Africa on his team of 5 employees and there were approximately 10 African employees at Google out 400 employees at Plaintiff's location. Plaintiff was regularly treated differently than his White colleagues. He was not afforded promotions and lucrative stock options that his White colleagues were given despite his outperforming them. Further, his base pay was significantly lower than his White colleagues even though he outperformed them.

16.    In late 2009, Chris became Plaintiff's manager. Chris regularly harassed Plaintiff due to his race. Chris is White. Chris ignored Plaintiff when he greeted him, questioned everything Plaintiff did and gave Plaintiff 50% of the workload instead of distributing the work evenly among other employees on the team. Further, even though Plaintiff always met and/or exceeded his sales quotas and outperformed his colleagues, Chris nonetheless, failed to give Plaintiff a fair assessment review such as "meets expectations" or "exceeds expectations". As a result, Plaintiff was afforded less lucrative stock options than other White colleagues.

17.    In 2010, Plaintiff's wife was ill and Plaintiff asked Chris if he could work from home so that Plaintiff could care for her. Chris refused to allow Plaintiff to work from home, even though other White colleagues of Plaintiff worked from home.

18.    As a result of complaining to Human Resources about the racial discrimination by Chris, in or about 2010 Boyar became Plaintiff's manager. However, Chris controlled the decisions of Boyer. In retaliation for Plaintiff's complaining to Human Resources, Chris forced Boyar to give 50% of the workload to Plaintiff instead of evenly distributing it among team members. Further, in the third quarter ("Q3") of 2010, Boyar's review of Plaintiff was "meets expectations", when it should have been "exceed expectations" since Plaintiff exceeded his attainment numbers.

5

19.    In the first quarter ("Q1") of 2011, Plaintiff won a sales upsell contest, but Chris retaliated against Plaintiff by moving Plaintiff's compensation for winning the sales contest to the second quarter ("Q2") of 2011.

20.    Thereafter, Boyer gave Plaintiff a review of "exceeds expectations" in Q2 of 2012. As a result, in 2012, Chris forced Boyer to leave the team because Boyer refused to go along with acts of racial discrimination against Plaintiff.

21.    Between 2007 and 2012, Plaintiff never received a promotion due to the racial discrimination and harassment by Chris. Indeed, in all the years that Plaintiff worked at Google between 2007 until 2021, Plaintiff only received a single promotion despite the fact that he always met or exceeded his sales quotas. Between 2012 to 2014, Rodney Randolph ("Rodney") was Plaintiff's manager. Rodney's reviews of Plaintiff stated that he "exceeds expectations." As a result, Plaintiff finally received a long overdue promotion. However, as a result of Rodney's reviews of Plaintiff and his promotion, Chris forced Rodney to leave Google.

22.    In or about 2015-2016, Plaintiff was briefly switched to work as a Program Manager. As a Program Manager, Plaintiff managed a team with 150 programs launched in 2016. At the inception of Plaintiff working as a Program Manager, Plaintiff was instructed by Google to immediately fire the only black employee on the team, Gary Layal. Plaintiff informed Google that he wanted to review the black employee's performance, but his manager at the time refused to allow that and then gave Plaintiff a negative review. As a result, Plaintiff's stock refresh/grant was negatively affected and he received a very low amount in comparison to other White colleagues on his team. Thereafter, in 2017, Plaintiff returned to the Sales Department.

23.    In or about 2018, Plaintiff again reported the racial discrimination to the Director of the Human Resources Department, Paolo Palma. Plaintiff informed them that his salary was reduced, he was not afforded promotions and obtained lower salary increases compared to his White colleagues. Human Resources never responded to Plaintiff's complaints and the racial discrimination continued and increased as a result of his complaints.

6

24.      After complaining to Human Resources in 2018, Plaintiff was subjected to additional racial discrimination in that his manager, Leah Williams, retaliated against him by assigning him more work than previously, more territory to cover on both the West and East coasts, double the sales quotes to meet compared to other team members, lower raises than his White colleagues, no promotions, and reviews stating he merely met expectations when in fact he exceeded them. As a result of the inaccurate reviews, Plaintiff received lower stock grant than he should have.

25.      In Q3 of 2021, Kevin became Plaintiff's manager. Kevin continually asked Plaintiff what his sales numbers were, even though he never requested that information from any other employee on the team. Kevin told Plaintiff that if he failed to meet his sales quotas, he would fire him.

26.      During that time, Plaintiff received a national award because he sold more than $6 million in Q3, yet Kevin failed to promote/compensate Plaintiff despite the award.  During the years that Plaintiff worked at Google, when White employees won awards, they were always promoted/compensated. Plaintiff spoke to Kevin about the lack of compensation, but Kevin told him there would be none.

27.      The above acts created a hostile work environment for Plaintiff.

28.      On or about October 22, 2022, Plaintiff was wrongfully constructively terminated due to having endured 14 years of racial discrimination.

29.      At all times material hereto, Google regularly employed five or more persons and therefore is an employer, as that term is defined in *Government Code* § 12926(d).

30.       On June 23, 2023, Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH") alleging retaliation and racial discrimination by Defendants Google, Chris, Boyar, Kevin and Leah.  On the same day, the DFEH issued to Plaintiff a Right to Sue Notice as to Defendants Google, Chris, Boyar, Kevin and Leah.

## **Wage and Hour Violations**

31.      Plaintiff was misclassified as exempt.

7

32.    Plaintiff was not compensated for all the overtime hours he worked.

33.    Further, Plaintiff is informed and believes, and thereon alleges, that Google knew or should have known that Plaintiff was entitled to be paid at a regular rate of pay, and corresponding overtime rate of pay, that included as eligible income all income derived from non-discretionary equity compensation, commissions, restricted stock units (also referred to by Google as "GSUs") and/or other forms of compensation.

34.    Defendant failed to properly pay and calculate overtime wages due to excluding non-discretionary equity compensation and GSUs from regular rate of pay calculations. Such payments are required under California law to be included in an employee's regular rate of pay for overtime calculation. Defendant failed to do so, thereby failing to pay Plaintiff his full wages as required under the Labor Code.

35.    Plaintiff's meal periods were routinely interrupted.

36.    Plaintiff's rest breaks were routinely interrupted.

37.    Google routinely failed to provide Plaintiff with itemized wage statements that properly and accurately itemized the number of hours he worked at the effective regular rates of pay and the effective overtime rates of pay.

38.    Google failed to pay Plaintiff all wages due on termination.

39.    Google failed to allowed Plaintiff to inspect his employment records.

## FIRST CAUSE OF ACTION

**(Discrimination Based on Race in Violation of *Govt. Code* §12940(a)– By Plaintiff against Defendant Google and Does 1 through 100)**

40.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

41.    *California Government Code* section 12940(a) prohibits discrimination, including adverse employment action against an employee based on race, among other protected bases.

42.    Throughout Plaintiff's employment at Google, he was regularly subjected to racial discrimination by Chris, Boyar, Kevin and Leah due to being black from Africa. Human

8

Resources was apprised on multiple occasions of the racial discrimination that Plaintiff was subjected to, but failed to prevent the racial discrimination.

43.     All of the conduct by Google was done with the full knowledge and ratification of the management employees of Google, and was consistent with the recognized policies and procedures of Google, which tolerated and encouraged such discriminatory racial conduct.

44.     Google was aware of the discriminatory conduct and did not take effective, good faith action to investigate, remedy, prevent, or stop the racial discrimination.

45.     At all times herein mentioned, Google was legally required to refrain from discriminating against and harassing any employee on the basis of race, among other things. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and he received a right to sue letter.

46.     Google's conduct resulted in the damages and injuries to Plaintiff as alleged in this Complaint. As a direct and proximate result of the conduct of Google, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in at least $1,000,000, according to proof.

47.     Pursuant to *California Government Code* §12965(b), Plaintiff requests an award of attorneys' fees in this action.

48.     Google did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

49.     All actions of Google were known, ratified and approved by the officers or managing agents of Google. Therefore, Plaintiff is entitled to punitive or exemplary damages against Google in an amount to be determined at the time of trial.

COMPLAINT AND DEMAND FOR JURY TRIAL

**SECOND CAUSE OF ACTION**

**(Hostile Work Environment in Violation Govt. Code §12940 et seq.– By Plaintiff Against Defendant Google and Does 1 through 100)**

50.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

51.    The offensive conduct to which Plaintiff was subjected constitutes a hostile work environment in violation to FEHA, California Government Code §12940 *et seq*. During his employment, Google violated FEHA, California Government Code §12940 (j), by harassing and discriminating against Plaintiff on the basis of his race.

52.    Google's harassment was hostile, abusive, continuous and pervasive to create a hostile work environment for the Plaintiff.

53.    Google's harassment was unwelcome, humiliating, offensive and adversely affected the terms of Plaintiff's employment.

54.    Plaintiff was subjectively offended by Google's conduct and any reasonable person in Plaintiff's position would perceive Google's conduct as being offensive, hostile and abusive.

55.    As a direct result of Google's failure to take all reasonable steps necessary to prevent discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity. Plaintiff is hereby entitled to general and compensatory damages of at least $1,000,000, according to proof at trial.

56.    Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

57.    All actions of Google were known, ratified and approved by the officers or managing agents of Google. Therefore, Plaintiff is entitled to punitive or exemplary damages against Google in an amount to be determined at the time of trial.

10

1

2

3

### THIRD CAUSE OF ACTION

**(Failure to Prevent Discrimination from Occurring in Violation of Government Code §12940(k) – By Plaintiff against Defendant Google and Does 1 through 100)**

4

5

58.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

6

7

59.     Plaintiff alleges that Defendant violated Government Code §12940(k) by failing to take all reasonable steps to prevent racial discrimination and harassment from occurring.

8

9

10

11

12

60.     Google knew or reasonably should have known of Plaintiff's managers' propensity for engaging in unlawful, discriminatory and harassing conduct in the workplace, and Google should have restrained Plaintiff's managers from engaging in unlawful, discriminatory and harassing conduct towards Plaintiff based on his race. Google failed to take all reasonable steps necessary to prevent the discrimination and harassment from occurring.

13

14

61.     Plaintiff is informed and believes and thereupon alleges that Google failed to provide adequate training to their managers to prevent racial discrimination.

15

16

17

18

62.     Google's discriminatory conduct toward Plaintiff caused him to suffer physical, emotional and psychological injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

19

63.     Google's conduct was the proximate cause of the Plaintiff's damages.

20

21

64.     Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

22

23

24

65.     All actions of Google were known, ratified and approved by the officers or managing agents of Google. Therefore, Plaintiff is entitled to punitive or exemplary damages against Google in an amount to be determined at the time of trial.

25

26

27

28

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FOURTH CAUSE OF ACTION

### (Retaliation in Violation of *Government Code* §§12940 *et seq*. – By Plaintiff Against Defendant Google and Does 1 through 100)

66.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

67.     This cause of action is brought pursuant to the FEHA, *Govt. Code* §12940(h), which provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [*Government Code* sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under the FEHA."

68.     On or about October 22, 2022, Defendant wrongfully and constructively terminated Plaintiff for being Black and from Africa and for complaining about the consistent harassment and racial discrimination.

69.     Google's retaliatory conduct toward Plaintiff caused him emotional injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem. Google's retaliatory conduct was a substantial factor and the proximate cause of Plaintiff's damages in the amount of at least $1,000,000, according to proof at trial.

70.     Plaintiff's opposition to racial discrimination was the reason Google retaliated against him.

71.     Plaintiff has suffered monetary damages, lost wages and privileges of employment illegally caused by Google's discriminatory conduct in an amount of at least $750,000, according to proof.

72.     All actions of Google were known, ratified and approved by the officers or managing agents of Google. Therefore, Plaintiff is entitled to punitive or exemplary damages against Google in an amount to be determined at the time of trial.

73.     Pursuant to *California Government Code* §12965(b), Plaintiff requests an award of attorneys' fees in this action.

12

**FIFTH CAUSE OF ACTION**

**(Race Harassment in Violation of *Govt. Code* §12940 (j) By Plaintiff Against All Defendants and Does 1 through 100)**

74.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

75.    The FEHA explicitly prohibits any employer or any other person from harassing an employee because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation. *Gov. Code* § 12940(j).

76.    Google was at all times material herein Plaintiff's employer pursuant to Government Code sections 12940(d) and 12940(j)(4) and was therefore barred from harassing its employees in violation of Government Code section 12940(j).

77.    Defendants' harassment, as set forth above, created an abusive working environment in violation of Government Code section 12940(j). Google and/or their agents/employees harassed Plaintiff and/or failed to take immediate and appropriate corrective action. The harassment was sufficiently pervasive and severe as to alter the conditions of employment and to create a hostile or abusive work environment.

78.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress and physical symptoms, pain and suffering, has lost income and related benefits, past and future, and medical expenses, all to his damage in the amount of at least $1,000,000, according to proof.

79.    Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

80.    The acts taken toward Plaintiff were carried out by and/or ratified by Google and/or managing agents/employees of Google acting in an oppressive, fraudulent and malicious manner in order to injure or damage Plaintiff, thereby justifying an award to him of punitive damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH CAUSE OF ACTION

**(Failure to Promote in Violation of *Govt. Code* §§12940 *et seq.*– By Plaintiff Against Defendant Google and Does 1 through 100)**

81.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

82.    Plaintiff was denied raises, promotions, stock refreshes/grants, on the basis of racial discrimination.

83.    Google's conduct toward Plaintiff violates Govt. Code §12940 et seq. and the public policy of the State of California, including, but not limited to, public policy which prohibits discrimination based on race and which prohibits retaliation against employees who oppose wrongful discriminatory employment practices.

84.    As a proximate cause of Google's conduct, Plaintiff has suffered, and continues to suffer, economic damages including, but not limited to, loss of wages and employment benefits, in the amount of at least $750,000, according to proof.

85.    As a further proximate result of the conduct of Google, Plaintiff suffered mental and emotional distress in the amount of at least $1,000,000, according to proof.

86.    Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

87.    All actions of Google were known, ratified and approved by the officers or managing agents of Google. Therefore, Plaintiff is entitled to punitive or exemplary damages against Google in an amount to be determined at the time of trial.

88.    As a result of Google's conduct, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

14

**SEVENTH CAUSE OF ACTION**

**(Wrongful Constructive Termination in Violation of Public Policy, *Govt. Code* §§12940 *et seq.*– By Plaintiff Against Defendant Google and Does 1 through 100)**

89.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

90.    Plaintiff alleges that significant policies exist in the State of California that prohibit discrimination, retaliation, and constructively terminating an employee due to race, and protesting against unlawful employment practices. Among others, the right to be free from discrimination and retaliation are codified in the California and United States Constitutions and the provisions of *Government Code* §§12900 *et seq*.

91.    These policies are set forth in various laws including but not limited to *Government Code* §§12940 (a), 12940 (j); Cal. Const. Art. 1, §8 (employment discrimination).

92.    Google, acting through its employees and managers, intentionally created and knowingly permitted the discrimination based on race.

93.    Google wrongfully and constructively terminated Plaintiff from his employment. Plaintiff's complaining about the consistent racial discrimination and harassment, was the motivating factor in Google's decision to constructively terminate him.

94.    By constructively terminating Plaintiff in retaliation for his refusal to tolerate racial discrimination, Google violated substantial, fundamental policies expressed in the FEHA.

95.    As a direct and proximate result of Google's violation of the substantial, fundamental, well-established public policies, Plaintiff was wrongfully and constructively terminated.

96.    But for Plaintiff's complaints of racial discrimination, Google would not have constructively terminated him.

97.    Google's wrongful and constructive termination was a substantial factor in causing harm to Plaintiff, including loss of wages and benefits that he would have enjoyed, in the amount of at least $750,000.00, according to proof.

15

98.     As a direct and proximate result of the wrongful termination, Plaintiff has suffered and continues to suffer emotional distress damages, in the amount of at least $1,000,000, according to proof.

99.     All actions of Google were known, ratified and approved by the officers or managing agents of Google. Therefore, Plaintiff is entitled to punitive or exemplary damages against Google in an amount to be determined at the time of trial.

100.     Pursuant to California *Government Code* §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## EIGHTH CAUSE OF ACTION

**(Willful Misclassification as Exempt in Violation of the Applicable Wage Order By Plaintiff against Google and Does 1 through 100)**

101.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

102.     Google misclassified Plaintiff as an exempt employee rather than non-exempt in violation of applicable Wage Order, for their own financial benefit.

103.     The California Industrial Welfare Commission applicable Wage Order identifies three exemptions to the provisions of the wage order: executive exemption, administrative exemption, and professional exemption. The executive exemption at issue applies to an employee: 1) whose duties and responsibility involve the management of the enterprise or a subdivision thereof, 2) who customarily and regularly directs the work of two or more employees, 3) who has the authority to hire or fire other employees or who can suggest and recommend as to the hiring, firing, or advancement of another employee, 4) who exercises discretion and independent judgement, 5) must earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full time employment, and 6) who is primarily engaged in duties which meet the test of the exemption. *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (1999) holds that an employee meets the "primarily engaged in managerial duties" requirement only when the employee spends more than half of their work time on exempt duties. *Id.* at 804 n.4.

16

Exhibit 1, Page 20

104.    On information and belief Google's managing agents and/or officers setting policy knowingly advised the other Defendants to wrongfully treat Plaintiff as an exempt employee.

105.    Plaintiff did not meet the requirements of being "salary exempt" as set forth by California Labor Code § 515(a). Plaintiff was not allowed to make independent decisions. Plaintiff was given the title of manager but was given absolutely no authority to actually be a manager. In truth, Plaintiff was a salesman.  Since in or about the beginning of Covid in January 2020, Plaintiff was only responsible for inside sales. Further, Plaintiff did not manage any employees of Google. He did not have authority to hire or fire employees. Plaintiff did not have independent judgment or discretion in his job position. Thus, Plaintiff should have been classified as non-exempt.

106.    Google thus improperly classified Plaintiff as exempt from the wage and hour requirements set forth in the Labor Code and applicable Wage Order, because he did not manage any employees to be qualified as exempt.

107.    Because of this misclassification, Plaintiff suffered damages as a result of Google's violation of the applicable Wage Order in amount according to proof.

108.    Based on Google's conduct as alleged herein. Google is liable for damages and statutory penalties pursuant to Labor Code §226, Labor Code §218.5 and penalties pursuant to Labor Code §§203 and 206.

## NINTH CAUSE OF ACTION

**(Failure to Pay Premium Overtime Wages Due in Violation of Cal. *Labor Code* §§ 510, 511, 558, 1194, 1198 – By Plaintiff Against Defendant Google Does 1 through 100)**

109.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

110.    At all times relevant, the IWC Wage Orders applicable to Plaintiff's employment by Google provided that employees working for more than eight hours in a day or forty hours in a work week are entitled to overtime compensation at the rate of one and one-

17

Exhibit 1, Page 21

half times the regular rate of pay for all hours worked in excess of eight hours in a day or forty hours in a work week.

111.    Section 3 of  the applicable Wage Order provides as follows: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek."

112.    California Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight hours in a day or forty hours in a work week.

113.    During Plaintiff's entire employment with Google, pursuant to Cal. Lab. Code §§200, 510, 1194, and 1198, and the applicable IWC Wage Order, Google was required to compensate Plaintiff with premium pay for all overtime work, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

114.    At all times relevant herein, Cal. Lab. Code §1194(a) provided that an employee who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorneys' fees and costs of suit.

115.    Plaintiff worked 7 days per week for between 11-16 hours per day Monday through Friday and between 3-8 hours per day on Saturdays and Sundays, but did not receive any overtime wages.

116.    The regular rate of pay is not limited to hourly pay, but also includes the rate derived from non-discretionary incentive payments and other forms of compensation, including restricted stock units. The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. Employers must properly factor all economic items into the regular rate of pay for purposes of calculating the overtime wages due to its employees. *See Alvarado v. Dart Container Corp. of California*

1   (2018) 4 Cal. 5th 542, 554, 568 (the regular rate of pay must include the "value of any non-
2   hourly compensation").

3       117.    Specifically, Google failed to incorporate non-discretionary equity
4   compensation and GSUs into Plaintiff's regular rate of pay and as a result, failed to properly
5   calculate overtime rates of pay based on all remuneration paid and as a result underpaid
6   overtime wages to Plaintiff.

7       118.    Google violated the rights of Plaintiff by not correctly calculating his regular
8   rate of pay to include all applicable remuneration, including, but not limited to, non-
9   discretionary equity compensation and GSUs.

10      119.    By their failure to pay overtime compensation as alleged above, Google has
11  violated and continues to violate the provisions of the applicable IWC Wage Order and Labor
12  Code § 510 which require overtime compensation to non-exempt employees.

13      120.    At all times relevant, Plaintiff worked in excess of forty hours in a week without
14  being paid for all those hours.

15      121.    At all times relevant, Google failed to pay overtime wages owed to Plaintiff as a
16  result of Google's conduct including that alleged herein and their willful misclassification of
17  Plaintiff.

18      122.    Google's failure to pay Plaintiff the unpaid balance of premium overtime
19  compensation violates the provisions of Labor Code §§510, 1194 and 1198, and the applicable
20  IWC Wage Orders and is therefore unlawful.

21      123.    Accordingly, Google owes Plaintiff overtime wages, and has failed and refused,
22  and continue to fail and refuse, to pay Plaintiff the overtime wages owed.

23      124.    Labor Code § 1194(a) states:

24          Notwithstanding any agreement to work for a lesser wage, any employee
25          receiving less than the legal minimum wage or the legal overtime compensation
26          applicable to the employee is entitled to recover in a civil action the unpaid
27          balance of the full amount of this minimum wage or overtime compensation,
28          including interest thereon, reasonable attorney's fees and costs of suit.

19

1

2

39.     Plaintiff is entitled to recover the unpaid balance of his overtime wage compensation, interest, costs, and attorneys' fees pursuant to Labor Code §1194.

3

### TENTH CAUSE OF ACTION

4

### (Failure to Provide Meal Breaks in Violation of Labor Code §226.7

5

### – By Plaintiff Against Defendant Google Does 1 through 100)

6

125.     Plaintiff realleges and incorporates by reference all of the allegations set forth in

7

this Complaint.

8

126.     California Labor Code §226.7(a) prohibits an employer from requiring an

9

employee to work during any meal period mandated by an applicable Industrial Wage Order.

10

Section 226.7(b) of the California Labor Code provides that "[a]n employer shall not require an

11

employee to work during a meal or rest break or recovery period mandated pursuant to an

12

applicable statute, or applicable regulation, standard, or order of the Industrial Welfare

13

Commission . . . "

14

127.     California Labor Code §1198 makes unlawful the employment of an employee

15

under conditions the IWC prohibits.

16

128.     The applicable Wage Order provides, in relevant part: "No employer shall

17

employ any person for a work period of more than five (5) hours without a meal period of not

18

less than 30-minutes, except that when a work period of not more than six (6) hours will

19

complete the day's work the meal period may be waived by mutual consent of the employer and

20

the employee."

21

129.     The applicable Wage Order further provides, in relevant part: "Unless the

22

employee is relieved of all duty during a 30-minute meal period, the meal period shall be

23

considered an 'on duty' meal period and counted as time worked."

24

130.     Section 512(a) of the California Labor Code provides, in relevant part, that:

25

An employer may not employ an employee for a work period of more than five

26

hours per day without providing the employee with a meal period of not less

27

than 30-minutes, except that if the total work period per day of the employee is

28

no more than six hours, the meal period may be waived by mutual consent of

COMPLAINT AND DEMAND FOR JURY TRIAL

both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30-minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

131.    The Labor Code and Wage Order provisions cited above require California employers to provide employees with off-duty 30-minute meal periods on or before the fifth hour of their shifts. To satisfy this obligation, California employers must: (1) make employees aware of their right to off-duty 30-minute meal periods before the fifth hour of their shifts, and (2) ensure that employees are actually free of job duties for thirty minutes per day on or before the fifth hour of their shifts.

132.    Plaintiff's meal breaks were routinely interrupted. Plaintiff worked while eating his lunch.

133.    Google further violated the applicable IWC Wage Order and Labor Code § 226.7 by failing to pay one hour of compensation to Plaintiff at his individual and regular rate of pay for each workday that the meal period was not provided, in an amount according to proof. This amount remains owed and unpaid.

134.    Cal. Labor Code § 218 authorizes Plaintiff to bring a private right of action to recover wages due based on the deprivation of timely meal periods under Cal. Labor Code § 226.7(b).

135.    As a direct and proximate result of Google's unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and is entitled to recover economic and statutory damages, attorneys' fees and penalties and other appropriate relief due to Google's violations of the California Labor Code and the applicable IWC Wage Orders.

**ELEVENTH CAUSE OF ACTION**

**(Failure to Provide Rest Breaks in Violation of Labor Code §226.7**

**– By Plaintiff Against Defendant Google Does 1 through 100)**

136.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

137.    Labor Code § 226.7 and the applicable Wage Order provide that employers shall authorize and permit all employees to take rest periods at the rate of ten minutes net rest time per four hours of work, or major fraction thereof.

138.    Labor Code § 226.7 and the applicable Wage Order provide that if an employer fails to provide an employee with rest periods in accordance with those provisions, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest periods were not so provided.

139.    Google has intentionally and improperly interrupted Plaintiff's rest periods in violation of Labor Code § 226.7 and the applicable Wage Order.

140.    At all times relevant hereto, Plaintiff has worked 8 or more hours daily.

141.    At all times relevant hereto, Google failed to provide rest periods as required by Labor Code § 226.7 and the applicable Wage Order. Plaintiff's rest periods were interrupted.

142.    By virtue of Google's unlawful interruption of Plaintiff's rest periods, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional limits of the Court and which will be ascertained according to proof at trial.

**TWELFTH CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Wage Statements in violation of Cal. Lab.**

**Code §226– By Plaintiff Against Defendant Google Does 1 through 100)**

143.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

22

144.    At all times relevant herein, Google issued payroll statements to Plaintiff which violated Cal. Lab. Code §226(a), in that Google failed to properly and accurately itemize the number of hours he worked at the effective regular rates of pay.

145.    Google knowingly and intentionally failed to comply with Cal. Lab. Code §226(a), causing damage to Plaintiff. These damages, including but not limited to costs expended calculating his true hours worked, and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226(e), in an amount to be proven at trial, plus reasonable attorneys' fees and costs.

146.    Plaintiff requests a permanent injunction to stop this unlawful conduct, plus attorneys' fees and costs in obtaining the injunction, pursuant to Cal. Lab. Code § 226(g).

## THIRTEENTH CAUSE OF ACTION

### (Failure to Pay All Wages Due on Termination in violation of Cal. Lab. Code §203– By Plaintiff Against Defendant Google Does 1 through 100)

147.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

148.    Labor Code § 201(a) provides that a discharged employee's unpaid wages are due and payable immediately. Labor Code § 202(a) provides that when an employee resigns from employment, unpaid wages are due and payable within 72 hours of resignation.

149.    Labor Code § 203(a) provides that if an employer willfully fails to pay wages as mandated by Labor Code §§ 201 and 202, the employee's wages shall continue to accrue until paid, not to exceed thirty days.

150.    Plaintiff was wrongfully and constructively discharged from Google's employ and Google willfully failed to pay Plaintiff wages due to him.

151.    Under Labor Code § 203(a), Plaintiff is entitled to one days' wages for each day he was not timely paid, not to exceed 30 days' wages.

152.    By willfully failing to pay Plaintiff separate amounts owed for overtime, meal/rest periods not provided, as set forth above, in a timely manner as required by Cal. Lab. Code §§ 201 & 202, Google is liable to him for penalties pursuant to Cal. Lab. Code § 203, in an amount equal to 30 days of his per diem wage rate in an amount according to proof.

**FOURTEENTH CAUSE OF ACTION**

**(Failure to Allow Inspection of Employment Records in Violation of Cal. *Labor Code* §1198.5 By Plaintiff Against Defendant Google and Does 1 through 100)**

153.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

154.    California Labor Code Section 1198.5 provides:

(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request to inspect the records. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records,... later than 30 calendar days from the date the employer receives the request...

(k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified I

this section... the current or former employee may recover a penalty of seven hundred fifty dollars ($750) from the employer.

(1) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

155.    Additionally, pursuant to the applicable Wage Order, at section 7 re: Records, employers are required to keep accurate payroll records on each employee, and such records must be made readily available for inspection by the employee upon reasonable request. The employer must also maintain accurate production records.

156.    Plaintiff 's counsel issued a written request to Google for copies of his personnel records.

157.    Under California Labor Code Sections 226, 432 and 1198.5, such records were to include all records relating to Plaintiff's hours worked, wage statements and compensation. Plaintiff's counsel and Google did not enter into an agreement to enlarge the time for Google's compliance, and Google has failed and refused to permit Plaintiff copies of his records.

158.    As a direct result and consequence of Google's failure and refusal to permit Plaintiff full access to his records, Plaintiff seeks injunctive relief in the form of an order or decree mandating Google's compliance. Plaintiff has suffered and will suffer harm as a result of Google's ongoing refusal to comply. Plaintiff also seeks recovery of the statutory penalty of $750 based upon Google's violation of §1198.5.

## FIFTEENTH CAUSE OF ACTION

### (For Unfair Competition in Violation of Unfair Business Practices, Cal. Bus. & Prof. Code §17200 et seq.– By Plaintiff Against Defendant Google Does 1 through 100)

159.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

160.    California Business & Professions Code § 17200 et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

25

161.    Google's conduct as alleged herein has been and continues to be unfair, unlawful, and deleterious to Plaintiff. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of the Cal. Code of Civ. Proc. § 1021.5. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this suit for restitution.

162.    The paying of proper overtime wages, affording of meal/rest breaks, and providing employment records are fundamental public policies of the State of California. It is also the public policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

163.    Google failed to pay Plaintiff overtime, allow Plaintiff to take uninterrupted meal/rest breaks, to pay all wages due on termination, to issue accurate wage statements and to provide his employment records.

164.    During the applicable limitations period, Google violated Plaintiff's rights under the above-referenced Labor Code sections by failing to pay for overtime and meal/rest breaks not afforded in violation of *Labor Code* §§ 226.7 and 203, 226, as a result of not correctly calculating his regular rate of pay to include all applicable remuneration, including, but not limited to, overtime and meal/rest break premium pay.

165.    Through the conduct alleged herein, Google acted contrary to these public policies and has thus engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving Plaintiff of the rights, benefits, and privileges guaranteed to employees under California law.

166.    Google regularly and routinely violated the following statutes and regulations with respect to Plaintiff:

Applicable Wage Order due to misclassification as exempt;

Cal. Labor Code §§ 510, 511, 558, 1194, 1198 (failure to pay overtime)

26

Exhibit 1, Page 30

Cal. Lab. Code §§ 226.7 and 512, and the applicable IWC Wage Order (failure to provide meal/ rest periods);

Cal. Lab. Code § 226 (failure to provide accurate wage statements to employees at the time of payment);

Cal. Lab. Code §§ 201, 202 and 203 (failure to pay wages due on termination); and

Cal. Lab. Code §1198.5 (failure to allow inspection of employment records).

167.    By engaging in these business practices, which are unfair business practices within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., Google harmed Plaintiff and gained an unfair competitive edge. Under the Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these funds.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendants, and each of them, as follows:

1.    For compensatory damages in the amount of unpaid overtime due to Plaintiff, according to proof;

2.    For one (1) hour of pay at the regular rate of compensation for Plaintiff for each workday that a meal and/or rest period was not provided;

3.    For compensatory damages for lost wages and employment benefits, in the amount of at least $750,000.00, according to proof;

4.    For compensatory damages for physical injury and emotional distress, in the amount of at least $1,000,000, according to proof;

5.    For an award of consequential damages, in an amount to be proven at trial;

6.    For statutory damages pursuant to *Cal. Lab. Code* §226, according to proof;

7.    Pursuant to Labor Code § 203, for an additional sum according to proof equal of up to 30 days wages for each violation, as a premium for unpaid wages to Plaintiff;

8.     For payment to Plaintiff of waiting time penalties pursuant to *Cal. Lab. Code* §203, in an amount equal to his respective daily rates of pay at the time of termination or layoff, multiplied by the total amount of days elapsed between the date of the involuntary termination, and/or 72 hours after notice of the voluntary termination, up to a maximum of 30 days' pay, according to proof;

9.     For specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to *Cal. Bus. & Prof. Code* §17200 and *Cal. Lab. Code* §203, according to proof;

10.    For prejudgment interest accrued on all due and unpaid overtime wages from the date that wages were due and payable, pursuant to *Cal. Lab. Code* §§218.6 and 1194(a), according to proof;

11.    For statutory penalties pursuant to *Cal. Lab. Code* §§ 203.1, 558, 226.7, according to proof;

12.    For punitive and exemplary damages, in a sum to be determined at trial;

13.    For an award of restitution of wages to Plaintiff in an amount equal to the amount of wages owed and unpaid, according to proof;

14.    For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper;

15.    For other injunctive relief ordering Defendants to notify Plaintiff that he has not been paid the proper amounts in accordance with California law;

16.    For injunctive relief requiring Defendants to comply with Labor Code 1198.5(b)(1);

17.    For reasonable costs, including attorneys' fees pursuant to *Government Code* §12965(b), *Cal. Labor Code* §§1194, 218.5, 1198.5(1) and/or Cal. Code of Civ. Proc. §1021.5 in an amount according to proof pursuant to statute;

18.    For prejudgment interest, according to proof;

19.    For reasonable costs of suit, in an amount according to proof;

20.    For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff ERUTODE AGGREH hereby respectfully requests a trial by jury for all claims and issues raised in his Complaint that may be entitled to a jury trial.

Date: June 30, 2023                        LIPELES LAW GROUP, APC


By: _Samuel R. Scherr_
                Kevin Lipeles
                Thomas H. Schelly
                Samuel R. Scherr
                Attorneys for Plaintiff,
                Erutode Aggreh

29

1

## PROOF OF SERVICE

2

3

STATE OF CALIFORNIA                                    )
                                                       ) ss:
4

CITY OF LOS ANGELES AND COUNTY OF LOS                  )
ANGELES                                                )
5

6        I am employed in the City of Los Angeles and County of Los Angeles, State of
California.  I am over the age of 18, and not a party to the within action.  My business address is
7  515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.

8        On February 26, 2025, I served the foregoing document(s) described as:

9              **DEFENDANT GOOGLE LLC'S NOTICE OF PENDENCY OF**
                          **OTHER ACTION OR PROCEEDING**
10

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
11  addressed as follows:

12                          **SEE ATTACHED SERVICE LIST**

13            **VIA U.S. MAIL:**

14   ☒

I am readily familiar with the firm's practice of collection and processing of
15   correspondence for mailing with the United States Postal Service.  Such
envelope(s) were placed for collection and mailing with postage thereon fully
16   prepaid at Los Angeles, California, on that same day following ordinary business
practices.

17            **VIA ELECTRONIC TRANSMISSION:**

18   ☐

By personally emailing the aforementioned document(s) in PDF format to the
19   respective email address(es) listed above on February 26, 2025.  I did not receive
an electronic message indicating any errors in transmission.

20        I declare under penalty of perjury under the laws of the United States of America
that the above is true and correct.

21

22        Executed on February 26, 2025, at Los Angeles, California.

23                                                    _____

24                                                        Francine Sheldon

25

26

27

28

1

**SERVICE LIST**

2

3      Ben Crump (pro hac vice)              Attorneys for Plaintiffs
4      Nabeha Shaer (pro hac vice)          April Curley and the Putative Class
       BEN CRUMP LAW, PLLC
5      122 S. Calhoun St.
       Tallahassee, FL 32301
6

7      Linda D. Friedman (pro hac vice)     Attorneys for Plaintiffs
       Suzanne E. Bish (pro hac vice)       April Curley and the Putative Class
8      George Robot (pro hac vice)
       Mark S. Current (pro hac vice)
9      STOWELL & FRIEDMAN, LTD.
       303 W. Madison St., Suite 2600
10     Chicago, IL 60606

11
       Sam Sani
12     SANI LAW, APC                        Attorneys for Plaintiffs
       595 E. Colorado Blvd., Suite 522     April Curley and the Putative Class
13     Pasadena, CA 91101

14     Kevin A. Lipeles                     Attorneys for Plaintiff
15     Thomas H. Schelly                    Erutode Aggreh
       LIPELES LAW GROUP, APC
16     880 Apollo Street, Suite 336
       El Segundo, CA 90245
17

18

19

20

21

22

23

24

25

26

27

28