Ben Crump (pro hac vice)
Nabeha Shaer (pro hac vice)
BEN CRUMP LAW, PLLC
122 S. Calhoun St.
Tallahassee, FL 32301
Telephone:     (800) 713-1222
court@bencrump.com

Linda D. Friedman (pro hac vice)
Suzanne E. Bish (pro hac vice)
George Robot (pro hac vice)
STOWELL & FRIEDMAN LTD.
303 W. Madison St., Suite 2600
Chicago, Illinois 60606
Telephone:     (312) 431-0888
lfriedman@sfltd.com

Sam Sani (SBN 2733993)
SANI LAW, APC
595 E. Colorado Blvd., Suite 522
Pasadena, CA 91101
Telephone:     (310) 935-0405
ssani@sanilawfirm.com

*Attorneys for Plaintiffs and the Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CURLEY, DESIREE MAYON, RONIKA LEWIS, RAYNA REID, ANIM AWEH, and EBONY THOMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | CASE NO: 4:22-cv-01735-KAW<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS CERTIFICATION FOR SETTLEMENT PURPOSES AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** |

1    Before the Court is the Motion for Class Certification for Settlement Purposes and for

2    Preliminary Approval of Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e) ("Motion"),

3    filed by plaintiffs April Curley, Ronika Lewis, and Desiree Mayon ("Plaintiffs"). Plaintiffs and

4    Defendant Google, LLC ("Google") have entered into a Class Settlement Agreement, Dated May

5    8, 2025 ("Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement,

6    including the proposed Notice of Settlement and other supporting documentation, the Motion, and

7    the papers and arguments in connection therewith, and good cause appearing, the Court hereby

8    ORDERS as follows:

9        1.      Capitalized terms not otherwise defined herein have the meanings set forth in the

10   Settlement Agreement.

11       2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

12   § 1332(d), and has personal jurisdiction over the parties and the Settlement Class Members.

13   Venue is proper in this District.

14       3.      The Motion is GRANTED.

15       4.      The Court hereby preliminarily approves the Settlement Agreement and the terms

16   embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to

17   approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement

18   Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the

19   Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members under

20   the relevant considerations. The Court finds that Plaintiffs and proposed Settlement Class Counsel

21   have adequately represented, and will continue to adequately represent, the Settlement Class. The

22   Court further finds that the Settlement Agreement is the product of arms' length negotiations by

23   the parties through an experienced mediator, Hunter Hughes, Esq., and comes after significant

24   litigation—including a litigated motion to dismiss and strike and significant investigation and

25   discovery. The Court preliminarily finds that the relief provided—a Settlement Fund of $50

26   million and meaningful non-monetary relief—is adequate taking into account, *inter alia*, the

costs, risks, and delay of trial and appeal for all parties; the legal issues presented in this Action; the interests of the proposed Settlement Class; and the proposed method of distributing payments to Participating Settlement Class Members. The Court preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably relative to each other, and that the proposed allocation of the Settlement Fund to Participating Settlement Class Members is reasonable and equitable. Under the terms of the Settlement Agreement, all Settlement Class Members are eligible to submit claims for an Individual Settlement Payment via a claim form that will be evaluated by one or more Neutrals in accordance with the procedures in the Settlement Agreement. The Court will fully assess any request for attorneys' fees and litigation expenses after receiving a motion from Settlement Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the Gross Settlement Fund creates no reason not to direct notice to the Settlement Class; should this Court find any aspect of the requested attorneys' fees or expenses unsupported or unwarranted, such funds will not revert to Google.

5.      The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

> All Google employees identified in Google's records produced to Settlement Class Counsel on November 20, 2024 as Black or Black+ who worked in job levels 3, 4, 5 and/or 6 in a job located in California at any time from March 18, 2018 through December 31, 2023, and/or job levels 3, 4, 5, and/or 6 in a job located in New York at any time from October 15, 2017 through December 31, 2023, excluding employees who (a) exclusively held a job that Google's records identified as being within a Legal job family or subfamily, or (b) are identified in Google's records as having executed a general release of claims at any time between October 15, 2017 (for New York employees) or March 18, 2018 (for California employees) and the Preliminary Approval Date. A list of the individuals who meet this definition are included in the Settlement Class List. If an individual is not on the Settlement Class List, then that individual is presumed  ineligible for an Individual Settlement Payment and will not release any claims as a result of this Settlement Agreement.

6.    The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; (and (5) the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

7.    Certification of the Settlement Class and appointment of the Settlement Class Representatives and Settlement Class Counsel shall be solely for settlement purposes and without prejudice to the parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. If the Settlement does not occur for any reason, certification of the Settlement Class and any Settlement Class Representative or Settlement Class Counsel appointments, including this Order, shall be deemed void and vacated. The parties preserve all rights and defenses as they existed prior to the execution of the Settlement Agreement and this Order in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

8.    The Court hereby appoints plaintiffs April Curley, Ronika Lewis, and Desiree Mayon as Settlement Class Representatives to represent the Settlement Class.

9.    The Court hereby appoints Stowell & Friedman, Ltd., Ben Crump Law, PLLC, and Sani Law, APC, as Settlement Class Counsel for the Settlement Class.

10.    The Court hereby appoints Atticus Administration, LLC, as Claims Administrator, with its reasonable and actual fees and costs to be paid for by the Settlement Fund, and directs Atticus Administration, LLC, to carry out all duties and responsibilities of the Claims Administrator as specified in the Settlement Agreement and herein.

<u>Notice Procedures</u>

11.    Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice procedures set forth at Section IV.C.1.a of the Settlement Agreement. The Court finds that the proposed Notice procedures meet the requirements of Due Process under the U.S. Constitution and Fed. R. Civ. P. 23; and that such Notice procedures provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

12.    The Court hereby authorizes dissemination of the Notice of Settlement to the Settlement Class and directs the Claims Administrator and the parties to implement the Notice procedures as set forth in the Settlement Agreement.

<u>Claims Procedure</u>

13.    The Court approves the Individual Claims Resolution Process set forth in the Settlement Agreement for Settlement Class Members, and directs the parties and the Claims Administrator to implement the Individual Claims Resolution Process.

<u>Opt-Out and Objection Procedures</u>

14.    Settlement Class Members may opt out of the Settlement by following the instructions described in the Notice of Settlement. Individuals who opt out of the Settlement are not entitled to any monetary award under this Settlement Agreement.

15.    Settlement Class Members may object to the Settlement by following the instructions described in the Notice of Settlement.

16.    Objectors may withdraw objections at any time. The submission of an objection does not constitute the filing of an opt out from the Settlement, and, therefore, objectors continue to be Settlement Class Members.

<u>Attorneys' Fees and Costs</u>

17.    Settlement Class Counsel's requests for attorneys' fees in the amount of one-fourth (1/4) of the Gross Settlement Fund, or $12,500,000.00, plus reimbursement of reasonable costs

1   and expenses, which shall be deducted from the Gross Settlement Fund, are conditionally

2   approved subject to Settlement Class Counsel's motion for attorneys' fees and costs to be heard at

3   the time of the Final Approval Hearing. The Court defers ruling on Attorneys' Fees and Costs

4   until the Final Approval Hearing.

5   <u>Service Awards</u>

6       18.    Settlement Class Counsel indicated its intent to request up to $50,000 in Service

7   Awards for each of the three Settlement Class Representatives. Approval of this Settlement

8   Agreement is not contingent upon the Court's granting of Service Awards of any particular

9   amount if at all, and the Court defers consideration of the awards until the Final Approval

10   Hearing.

11   <u>Final Approval Hearing</u>

12       19.    Under Rule 23(e) of the Federal Rules of Civil Procedure, a Final Approval

13   Hearing will be held on _____, 2025 at _____, to consider final approval of

14   the Settlement Agreement. The date and time of the Final Approval Hearing shall be set forth in

15   the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without

16   further notice to the Settlement Class Members other than that which may be posted by the Court.

17   <u>Non-Interference with Settlement</u>

18       20.    Pending the Court's decision on the final approval of the Settlement Agreement

19   and entry of the Final Approval Order, Settlement Class Representatives and anyone acting on

20   their behalf shall be barred and enjoined from: (1) further litigation of any claims covered by this

21   Settlement in the Action; (2) filing, or taking any action, directly or indirectly, to commence,

22   prosecute, pursue, or participate, individually or on a class or collective action basis, in any

23   action, claim, or proceeding against Google in any forum in which any of the claims to be

24   released by the Settlement Agreement are asserted, or which in any way would prevent any such

25   released claims from being extinguished; or (3) seeking, whether on a conditional basis or not,

26   certification of a class or collective action that involved any such released claims.

Use of Settlement Agreement and This Order

21. Neither the Settlement Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement will be admissible or offered into evidence in this Action or any related or similar action for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this Action or are similar to such claims.

22. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this Action or any other action.

Implementation

23. The Court ORDERS that Settlement Class Counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration to be filed under seal setting forth the identity of any members of the Settlement Class who request exclusion from the Settlement.

24. The Court ORDERS that Settlement Class Counsel shall file a motion for approval of the fee and cost award and of the service awards to the Settlement Class Representatives, with the appropriate declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

25. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action related to the Settlement Class Claims are hereby stayed and suspended until further order of this Court.

26. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

1    27.    Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the

2   proposed Notice of Settlement and the proposed Notice procedures, and adopts the following

3   dates and deadlines:

| | |
|---|---|
| Deadline for Defendant to provide the Settlement Class List to the Claims Administrator | Seven (7) days after the Court enters this Order |
| Deadline for Claims Administrator to mail the Notice of Settlement to Settlement Class Members | Within ten (10) days after the Claims Administrator receives the Settlement Class List |
| Deadline for filing Motion for Attorneys Fees' and Costs and Motion for Service Awards | Twenty-five (25) days after the Claims Administrator mails the Notice of Settlement to Settlement Class Members |
| Deadline for Settlement Class Members to opt-out or file objections to the Settlement | Within sixty (60) days after the Claims Administrator mails the Notice |
| Deadline for filing Final Approval Motion | Seven (7) days before the Final Approval Hearing |
| Final Approval Hearing | The later of one hundred (100) days after filing the Settlement Agreement with the Court or eighty-five (85) days after the entry of this Preliminary Approval Order |
| Deadline for Claims Administrator to mail the Notice of Final Approval | Within seven (7) days of the Final Approval Date |
| Claim Deadline | Within forty-five (45) days after the Notice of Final Approval is mailed to Participating Class Members |

**IT IS SO ORDERED.**

Dated: _____       _____
                                     HON. KANDIS A. WESTMORE
                                     United States Magistrate Judge