CARSON H. SULLIVAN (*admitted pro hac vice*)
carsonsullivan@paulhastings.com
MADALYN K. DOUCET (*admitted pro hac vice*)
madalyndoucet@paulhastings.com
CLAIRE SABA MURPHY (*admitted pro hac vice*)
clairesabamurphy@paulhastings.com
ZARA SHORE (*admitted pro hac vice*)
zarashore@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705

Attorneys for Defendant
GOOGLE LLC

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CURLEY, DESIREE MAYON, RONIKA LEWIS, RAYNA REID, ANIM AWEH, and EBONY THOMAS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC,<br><br>                    Defendant. | CASE NO. 4:22-CV-01735-KAW<br><br>**JOINT STATUS REPORT REGARDING REMAINING INDIVIDUAL CLAIMS OF PLAINTIFFS CURLEY, MAYON, AND REID** |

EMILY R. PIDOT (SB# 233241)
emilypidot@paulhastings.com
SARA B. TOMEZSKO (*admitted pro hac vice*)
saratomezsko@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
ANKUSH DHUPAR (SB# 307689)
ankushdhupar@paulhastings.com
LINDSEY C. JACKSON (SB# 313396)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 S. Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant
GOOGLE LLC

Plaintiffs April Curley, Desiree Mayon, and Rayna Reid and Defendant Google LLC (collectively, the "Parties"), by and through their respective counsel of record, respectively submit the following Joint Status Report pursuant to the Court's Order of May 14, 2026 (Dkt. No. 174) ("Final Approval Order"):

1.    Following the Court's entry of the Final Approval Order, all proceedings in this Action[1] related to the Settlement Class Claims have been dismissed with prejudice, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement. (Final Approval Order, p. 14.) Claims asserted by Plaintiffs Ebony Thomas and Amin Aweh, individually and on behalf of all others similarly situated, were dismissed with prejudice as of May 9, 2026. (Dkt No. 140.) Plaintiff Ronika Lewis' individual claims were dismissed with prejudice as of December 15, 2025.[2] (Dkt. No. 161.) Plaintiff Rayna Reid remains a plaintiff in this Action, although she was not a Settlement Class Representative and is not a party to the Settlement Agreement. (Final Approval Order, p. 2.) Therefore, the following individual, non-class claims asserted on behalf of Plaintiffs Curley, Mayon, and Reid remain in this Action (collectively, the "Individual Claims" and each an "Individual Claim"):

   a.    Race Discrimination, Hostile Work Environment, and Retaliation in Violation of 42 U.S.C. § 1981 (Counts I and II), as to Plaintiff Reid only;

   b.    Sex Discrimination and Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.* (Counts IV and V), as to Plaintiff Mayon only;

   c.    Sex & Disability Discrimination and Retaliation in Violation of FEHA, Cal. Gov. Code § 12940, *et seq.* (Count VII) as to Plaintiff Mayon only;

   d.    Discrimination and Retaliation in Violation of ADA, 42 U.S.C. § 12112, *et seq.* (Count VIII) as to Plaintiff Mayon only;

---

[1] Unless otherwise defined herein, all capitalized terms refer to the definitions in Section III.A of the Settlement Agreement attached as Exhibit to the Declaration of Linda D. Friedman in Support of Plaintiffs' Unopposed Motion for Conditional Certification and Preliminary Approval of Settlement Agreement. (Dkt. No. 138-1.)

[2] This dismissal did not affect any claims asserted by Plaintiff Lewis that are covered by the Class Settlement. (Dkt. No. 161.)

e.  Interference and Retaliation in Violation of FMLA, 29 U.S.C. § 2615, *et seq.* (Count IX) as to Plaintiff Mayon only;

f.  Sex[3] and Sexual Orientation Discrimination and Retaliation in Violation of New York State Human Rights Law (Counts XI and XII) as to Plaintiff Curley only; and

g.  Sex and Sexual Orientation Discrimination and Retaliation in Violation of New York City Human Rights Law (Counts XIV and XV) as to Plaintiff Curley only.

2.  The Parties met and conferred concerning the potential resolution of the Individual Claims following the entry of the Final Approval Order.

3.  The Parties have agreed to explore resolution of Individual Claims asserted by Plaintiffs Reid and Curley through private mediation, and are in the process of selecting a mediator and securing mediation dates. Therefore, the Parties respectfully request that all deadlines as to those Individual Claims asserted by Plaintiffs Reid and Curley remain stayed pending the outcome of those private mediations. Google reserves the right to move to sever or transfer Plaintiff Curley's and/or Plaintiff Reid's individual claims should mediation prove unsuccessful. Plaintiff reserves all rights and arguments regarding joinder of claims and venue for Plaintiff Curley's and Plaintiff Reid's individual claims.

4.  The Parties do not intend to participate in mediation on Plaintiff Mayon's claims. Nonetheless, the parties propose that the Court stay Mayon's individual claims for an additional 30 days while the Parties continue to meet and confer on next steps with respect to Plaintiff Mayon.

5.  The Parties suggest that the Court order an updated status report filed within 30 days. At that time, the Parties will apprise the Court as to the status of the mediations of Plaintiffs Curley's and Reid's claims, and whether the Parties will move forward with the litigation of

---

[3] Google maintains the position that Curley's claims for sex discrimination under both the New York State and New York City Human Rights Laws in this Action are limited to those not covered by the classwide settlement in *Haggan v. Google*, No. 518739/2022 (Sup. Ct. N.Y., Kinds County), in which Plaintiff Curley participated. Plaintiff disagrees with this position and reserves all rights and arguments with respect to it and the opt out she filed in *Haggan v. Google*, No. 518739/2022 (Sup. Ct. N.Y., Kinds County).

Mayon's Individuals Claims (in which case the Parties will propose an appropriate schedule, including for the filing of any motions to sever or transfer those Individual Claims).

6. The Parties expect to be able to advise the Court after the completion of the Curley and Reid mediations whether the Individual Claims, including those of Mayon, will move forward with further litigation and would then propose an appropriate schedule, including for the filing of any motions to transfer or sever these Individual Claims.

Respectfully submitted,

STOWELL & FRIEDMAN, LTD

DATED:  __June 8, 2026__

BY: _____/s/ Linda D. Friedman_____
        LINDA D. FRIEDMAN
        CAITLIN KEARNEY

Attorneys for Plaintiffs
April Curley, Desiree Mayon, Rayna Reid

DATED:  __June 8, 2026__

PAUL HASTINGS LLP
By: _/s/ Carson H. Sullivan_____
        CARSON H. SULLIVAN
        SARA B. TOMEZSKO

Attorneys for Defendant
GOOGLE LLC